101 So.2d 373 (1958)
Ralph MEAD, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
March 21, 1958.
Martin & Martin, Plant City, and Oxford & Oxford, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., David U. Tumin and Edward S. Jaffry, Asst. Attys. Gen., for appellee.
THOMAS, Justice.
This case was here on appeal from a judgment of guilt after appellant's trial for *374 grand larceny on an information filed 20 August 1954. We reversed the judgment and remanded the cause for a retrial. Mead v. State, Fla., 86 So.2d 773.
The original information consisted of two counts in the usual form. In the first of these appellant was charged with stealing 1,312 pounds of copper wire on 1 August 1954, and in the second with the theft of 1,300 pounds of copper wire on 8 August 1954. In both the name of the owner of the property alleged to have been stolen was the same. On the eve of the trial the court upon motion of the appellant required the state to choose the count upon which it would proceed and the county solicitor decided to try the appellant on the first one.
After the mandate of this court issued, the county solicitor filed two so-called amended informations, one on 11 June 1956, and the other on 29 August 1956, charging the appellant with grand larceny. The appellant's motion to quash these informations was denied. Eventually the appellant plead not guilty to the last information and was again convicted.
The second information, though titled an "Amended" one contained nothing in the body to indicate that it was an amendment. To all appearances, excepting the notation in the title, it was a brand-new charge. True, the allegation of ownership was the same, but the amount of copper wire alleged in this information to have been stolen was 2,612 pounds and it was charged to have been taken on 30 July 1954 and at various other times between that date and 10 August of the same year.
In the third information the appellant was charged with the larceny of 1,312 pounds of copper wire on 1 August 1954. In the body of this information nothing appeared to stamp it as an amendment of either of the first two informations although in the caption it was called "Second Amended Information for Grand Larceny."
We need not further analyze the original or "first amended" informations, as the trial was based on the "second amended" information, and it is plain that the offense defined was averred to have been committed more than two years before it was filed.
The information on which the appellant was finally tried was identical with the first count of the original information. The appellant in his motion to quash did not raise the question that the crime described in it was alleged to have been committed more than two years before its filing, but he did raise the point in his motion for new trial by challenging the propriety of the court's charge that the jury could convict if they found that the crime was committed within two years of the filing of the original information.
The procedure followed in this case was unusual. Nothing appeared in the opinion of this court that dealt with the validity or invalidity of the original information yet the county solicitor chose to file what we consider was a new information although it is argued by the state that it was an amended one. After that the solicitor filed another information which contained no language indicating that it amended either of its predecessors. The fact that it was identical with the first count of the original information demonstrates the contrary. We construe the filing as an attempt to revive the original, or the first count of it, particularly as the intervening information contained allegations different from those in the first and last informations. We cannot understand why the solicitor filed the two additional informations. Had he stuck to the first information, or the first count of it, he would have tried the identical issue that was attempted to be tried the last time.
On 4 September 1956, a few days after the last information was filed, the appellant was permitted to withdraw his plea to the initial information, the appellant filed his motion to quash the last two informations, the motion to quash was denied, and the *375 solicitor announced that he would try the appellant on the last information.
As we have written, appellant did not specifically raise, in his motion to quash, the point that the information showed on its face the commission of an offense more than two years before the instrument was filed. Nor did his counsel offer any specific objection to the charge of the court with reference to proof of perpetration of the crime within two years of the filing of the first information. It appears from the record that the attorney simply stated: "Comes now the defendant and excepts to the charge of The Court to the Jury." The appellant did raise the point in his motion for new trial and he presents it now for determination by this court. We think this was all that was required. Mitchell v. State, infra.
The statute commands all prosecutions with certain exceptions not now relevant, to be brought within two years. Sec. 932.05, Florida Statutes 1953, and F.S.A. It is provided in this statute that if an information filed within the prescribed time is quashed, a new one may be filed within three months after the order quashing is entered. This latter provision helps us not at all because of our view that the three informations were not so connected that they were, in effect, one. Horton v. Mayo, 153 Fla. 611, 15 So.2d 327. So even had the appellant been successful in a motion to quash the last one, another could not have been filed at that late date since the information it would amend was itself untimely.
The appellant was not required to raise the question of the statute of limitations as the statute must be construed liberally in favor of defendants and need not be pleaded in bar. It was incumbent on the state not only to prove that the appellant perpetrated the crime but that he did so within two years of the filing of the information on which he was being tried and not, as the judge charged the jury, within two years of the filing of the information first presented and subsequently abandoned. Mitchell v. State, 157 Fla. 121, 25 So.2d 73. The ruling in the cited case harmonized with Nelson v. State, 17 Fla. 195, decided in 1879 which was cited in it.
Having concluded that there was nothing in the last information to link it with the first and that the appellant could not have been legally convicted in the absence of proof that the offense was committed within two years of 29 August 1956, we are impelled to reverse the judgment.
Reversed.
TERRELL, C.J., and THORNAL, O'CONNELL and BUFORD, JJ., concur.