JOHNSON, Judge.
This is an appeal from a conviction and judgment and sentence after a jury trial.
This Court believes that we cannot abstain from commenting on the haphazard manner in which both the attorneys for the appellant and the appellee handled this appeal. The record does not even include the judgment appealed, and no objection was raised by the Attorney General’s Office. Both attorneys for appellant and appellee overlooked a very material fact in that a certain check for $25.00 was alleged in the original Information to have been uttered on December 13, 1968, whereas the amended Information alleged, instead of a $25.00 check a $366.00 check dated December 11, 1968 and made payable to one John W. Barlow. We hope that pointing out this error on the part of the attorneys may benefit them as well as being a suggestion to other lawyers about carelessness in preparing for appeals.
The record on appeal does contain the three jury verdicts. The first was for Bare Assault, and alleged in said verdict as being a lesser included offense within the offense charged in Count One of the Information :
“ . . . with a certain deadly weapon, to-wit: an automobile, a more complete description of which is to the State Attorney unknown, which he the said CLYDE LEWIS LEACH, JR and RUSH JOHNSTON, then and there did drive in and upon one Simney F. Bland, *121 unlawfully an assault did make, not having a premeditated design to effect the death of the said Simney F. Bland, and did, bruise, wound or ill-treat, the said Simney F. _ Bland, in violation of Florida Statue 784.14;”
The testimony of the State’s primary witness, Clyde Lewis Leach, who also had first been a joint defendant with the appellant, was to the effect that the appellant had been “rather hesitant” about going to the Commercial Bank and Trust Company on the incident referred to in Count One of the amended Information; and that only Mr. Leach was in the automobile mentioned in said Count One. Mr. Leach then tells about how a man tried to stop him from driving off from the Bank’s drive-in teller’s window; how he tried to evade the police or whoever was following; how he drove into a private driveway; ran around a house, then another. This testimony is so conclusive that the appellant knew nothing about Leach’s activities at the Bank or his effort to run over a Mr. Bland that we cannot find the testimony from Mr. Leach was sufficient to sustain a charge against the appellant of Bare Assault. The trial court was in error in not granting appellant’s motion for directed verdict thereto. Therefore, the judgment and sentence based thereon is reversed and set aside. This covers Count One of the Amended Information, for which we believe the court sentenced appellant for one year.
As to Count Four of the Amended Information, the original Information alleges in Count Four that the check in question was for $25 dated December 13, 1968, payable to “cash” and signed by J. W. Barlow. The Amended Information Count Four, describes a check in the amount of $366, payable to John W. Barlow, and dated December 11, 1968. This is a completely different charge than contained in the original Information, therefore, if the original Information was based on the Original Warrant issued in December, 1968, and because of the substantial change in the charge as contained in the Amended Information, the charge upon which the appellant was tried should have been dismissed because the Statute of Limitations had run. It was fundamental error to try the appellant under this charge as well as fundamental error not to direct a verdict of not guilty after these facts were apparent at the trial.
The language of Count Five of the Amended Information is the same as in Count Four, as to the “uttering” of a worthless check. The court directed a not guilty verdict as to Count Five, but so far as we can see, Count Four falls within the same category of Count Five. The judgment and sentence thereon is therefore reversed and set aside. This covers Count Four of the Amended Information on which the sentence was five years.
As to Count Three of the Amended .Information, we believe that the appellant was so involved with Mr. Clyde Lewis Leach about the use of the automobile, that there was enough evidence to sustain a conviction for using the automobile without authority of the owner. Also, it appears, and at least there is no objection that the Statute of Limitations had run, that the offense charged in this Count was sufficiently identified in the warrant and the original Information to toll the running of the Statute of Limitations. This covers the charge in Count Three upon which a verdict of guilty was rendered and judgment and sentence of 60 days was pronounced thereon. We affirm the judgment and sentence as to this Count.
The length of sentences related in this opinion are found only in the brief of the appellant and no where else in the record, so this Court is assuming their correctness since the Assistant Attorney General has made no objection about the correctness thereof.
*122 The judgment is reversed for the various reasons stated supra as relative to the respective counts of the Amended Information, that is: Counts One and Four, and we affirm as to Count Three.
Affirmed in part, and reversed in part.
RAWLS, C. J., and SPECTOR, J., concur.