GRIMES, Chief Judge.
Petitioners seek a writ of prohibition to prevent their trial on four counts of a twelve count information, arguing that the statute of limitations has run as to those offenses.[1]
On April 30,1979, the state filed a twelve count information against petitioners and two. other defendants. The first eight counts charged them with the illegal sale of securities. The last four counts, with which we are now concerned, charged them with conspiracy to unlawfully sell securities. In count nine, the state charged that the conspiracy occurred between August 1, 1975, *469 and August 15, 1975, in count ten between August 5, 1975, and August 25, 1975, in count eleven between August 15, 1975, and September 5, 1975, and in count twelve on September 30, 1975.
Petitioners filed motions to dismiss counts nine through twelve on the grounds that the statute of limitations barred their prosecution. The court denied the motions. Following the filing of this action here, we issued an order to show cause and stayed trial on the four counts. Upon a study of the state’s response, we now conclude that the petitioners are entitled to a writ of prohibition.
There is a special five year statute of limitations for the illegal sale of securities. § 517.302, Fla.Stat. (1977).[2] The trial court apparently felt that the statute of limitations for a conspiracy to commit a certain offense should carry the same limitations period as the offense which was the object of the conspiracy. We cannot accept this proposition because it is well settled that conspiracy is a substantive crime that is separate and distinct from the offense which underlies it. See State v. Burkett, 344 So.2d 868 (Fla.2d DCA 1972); 16 Am. Jur.2d Conspiracy § 5 (1979).
The statute of limitations to be used in determining whether a prosecution is timely is the one that is ip effect at the time of the crime. State v. Wadsworth, 293 So.2d 345 (Fla.1974). Here, the state alleged that the conspiracies occurred on dates ranging from August 1, 1975, to September 30, 1975. The general statute of limitations at that time was Section 932.465, Florida Statutes (1973), which imposed a two year limitations period for all offenses not punishable by death.[3] Obviously, conspiracy to unlawfully sell securities is an offense not punishable by death.[4] Therefore, since the state filed its information more than three years after the last date upon which it alleged that the conspiracies had occurred, the statute of limitations bars the prosecution of petitioners for those conspiracies.
We hereby enter a final judgment prohibiting the trial court from trying petitioners on the four counts discussed in this opinion.
SCHEB and DANAHY, JJ., concur.

. A petition for a writ of prohibition is a proper method of seeking to prevent prosecution where the limitations period has run. See Reino v. State, 352 So.2d 853 (Fla. 1977).

. This statute refers to all offenses proscribed by Chapter 517 but there is no reference to conspiracy in that chapter.

. The statute of limitations is now Section 775.-15, Florida Statutes (1979), which went into effect on October 1, 1975. Ch. 74-383, § 10, Laws of Fla.; Ch. 75-24, Laws of Fla.

.See § 517.302, Fla.Stat. (1973), which makes the illegal sale of securities a third degree felony; § 833.04, Fla.Stat. (1973), which makes a conspiracy to commit a third degree felony a third degree felony.