390 So.2d 322 (1980)
Murray RUBIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 56694.
Supreme Court of Florida.
July 10, 1980.
Rehearing Denied October 14, 1980.
Mark King Leban of the Law Offices of Mark King Leban, Miami, and Sam Spector of Spector & Tunnicliff, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., Miami, for respondent.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, Third District, in *323 Rubin v. State, 368 So.2d 69 (Fla. 3rd DCA 1979), which conflicts with Lane v. State, 337 So.2d 976 (Fla. 1976), and State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974).
The two issues to be decided are: (1) Does the two-year statute of limitations in effect at the time of the crime apply,[1] or does the subsequently enacted three-year statute of limitations, which was not effective until after the commission of the charged crimes, apply?[2] and (2) If the two-year statute applies, was the prosecution properly commenced within this time period? Contrary to the district court's decision, but consistent with our holdings in Lane v. State and State ex rel. Manucy v. Wadsworth, we hold that the two-year statute of limitations in effect at the time of the crime is the one to be used in determining whether the prosecution was timely. We conclude, however, that the prosecution was timely commenced within the two-year period. For this reason, we approve the result of the district court's decision affirming the convictions. We have considered the other point raised by Rubin and find it to be without merit.
By information filed June 1, 1977, Murray Rubin was charged, among other crimes, with conspiracy to commit grant larceny and with grand larceny. The conspiracy count charged that between November 30, 1974, and June 14, 1975, Rubin did meet with another to discuss and plan details as to the altering or forging of uniform airbills and the uttering of these altered or forged airbills to Riverside Memorial Chapel, Inc., a subsidiary of Service Corporation International, and receiving as a result of the forging and uttering an amount greater than that to which they were lawfully entitled. The grand larceny count charged that between November 30, 1974, and June 14, 1975, Rubin unlawfully stole $200 or more from Riverside Memorial Chapel, Inc., a subsidiary of Service Corporation International. This information was assigned Case No. 77-4257 in the circuit court of Dade County.
Then on November 3, 1977, the State filed another information containing the notation "Refile of Case No. 77-4257," charging in almost identical language the same crimes as were charged in the June 1, 1977, information. The only change in the November 3, 1977, information was the modification of the corporate victim's name from Riverside Memorial Chapel, Inc., a subsidiary of Service Corporation International to Riverside Memorial Chapel, Alton Road, Inc., a subsidiary of Service Corporation International. Other than the addition of the words, "Alton Road," the language of the two informations is exactly the same. Rubin was convicted under the refiled information. The district court affirmed his convictions, holding that the three-year statute of limitations applied even though it was not in effect at the time of the commission of the crimes.
Rubin contends that since he was charged with crimes occurring between November 30, 1974, and June 14, 1975, section 932.465, Florida Statutes (1973) (the two-year statute of limitations in effect at the time the crimes were committed), applied. We agree. In State ex rel. Manucy v. Wadsworth, this Court held that in criminal *324 prosecutions, statutes of limitations are considered to vest a substantive right rather than a procedural right and that the statute of limitations in effect at the time of the incident, giving rise to the criminal charges, is controlling in determining whether prosecution has been commenced timely. In Lane v. State, we reiterated that the application of the statute of limitations in a criminal prosecution is a substantive matter and consequently that the statute of limitations in effect at the time of the commission of the offense is controlling. See also Reino v. State, 352 So.2d 853 (Fla. 1977); State ex rel. Ridenour v. Bryson, 380 So.2d 468 (Fla. 2d DCA 1980).
As to the second point, the State argues that even if the two-year statute applies, the trial court did not err in denying Rubin's motion to dismiss since the first information was timely filed and the second information, containing sufficient language to link it to the first, was filed while the first information was pending. We agree. Section 932.465 mandated that prosecution be commenced within two years and, under this statute, prosecution could be commenced by the filing of an indictment or information or by any other act constituting commencement of prosecution such as a valid arrest warrant. Di Stefano v. Langston, 274 So.2d 533 (Fla. 1973). Even a warrant containing an inaccuracy in the name of a corporate victim is sufficient to commence prosecution and to toll the running of the statute of limitations within the meaning of this statute. State v. Emanuel, 153 So.2d 839 (Fla. 2d DCA 1963). An information containing an inaccuracy or imperfection, which is timely filed within the period of limitations, is also sufficient to toll this statute of limitations. State ex rel. Florida Petroleum Marketers Association v. McClure, 330 So.2d 239 (Fla. 1st DCA 1976). A subsequently filed information, which contains language indicating that it is a continuation of the same prosecution, timely commenced will not be considered an abandonment of the first information and therefore will not be barred by the statute of limitations. Mead v. State, 101 So.2d 373 (Fla. 1958); State v. Adjmi, 170 So.2d 340 (Fla. 3d DCA 1965).
The question then is whether the second information is a continuation of the prosecution timely commenced on June 1, 1977. The answer turns on whether the language, "Refile of Case No. 77-4257," contained on the second information is sufficient to link it to the first information so as to evidence a continuation of the same prosecution. Mead v. State; State v. Adjmi. Since the crimes charged in the two informations are identical, we find that the refile notation on the second information was sufficient indication that the State was pursuing the same prosecution begun by an information which contained a slight inaccuracy as to the name of the corporate victim of the grand larceny and conspiracy charges. The first information tolled the limitation period, and the second information which was filed solely to correct the inaccuracy in the name of the corporation did not commence a new and distinct prosecution.
This case is distinguishable from Mead v. State, relied upon by Rubin for his assertion that the second information commenced a separate and new prosecution beyond the period of limitation. In Mead, a second information was filed, entitled "Amended Information," which this Court found was a "brand new" charge since it contained allegations different from the first. A third information was then filed, entitled "Second Amended Information," outside the limitation period. This third information was identical to count one of the first information, but there was nothing to link it to the first one so we held that the first one had been abandoned.
Rubin suggests that the correction in the name of the corporate victim changed the crime and therefore the refiled information in his case commenced a new prosecution rather than continuing the one already commenced. He premises this contention on cases holding that proof of ownership in a larceny case is essential and that ownership must be proved precisely as alleged. This argument is without merit. The second *325 information did not change the crime; it only corrected a minor inaccuracy in the victim corporation's title. Furthermore, unquestionably, the victim was properly identified in the information under which Rubin was tried and convicted, and there is no question that ownership has been proved precisely as alleged in that information.
Accordingly, although we reject the district court's rationale, we approve the result of its decision affirming the judgment of the trial court.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Section 932.465, Florida Statutes (1973), provides:

(1) A prosecution for an offense punishable by death may be commenced at any time.
(2) Prosecution for offenses not punishable by death must be commenced within two years after commission, but if an indictment, information, or affidavit has been filed within two years after commission of the offense and the indictment, information, or affidavit is dismissed or set aside because of a defect in its content or form after the two year period has elapsed, the period for commencing prosecution shall be extended three months from the time the indictment, information, or affidavit is dismissed or set aside.
(3) Offenses by state, county, or municipal officials committed during their terms of office and connected with the duties of their office shall be commenced within two years after the officer retires from the office.
[2] Section 775.15(2)(b), Florida Statutes (1975), effective October 1, 1975, provides:

A prosecution for any other felony must be commenced within 3 years after it is committed.