LEHAN, Judge.
Defendant appeals from his conviction for battery which was a lesser included offense of the charge for which he was prosecuted. Defendant argues that his conviction should be set aside because the charge for which he was prosecuted, sexual battery of a child under age 11, was made against him in an amended information filed after the statute of limitations on battery had run. Defendant was originally charged only with attempted sexual battery under an information filed within the applicable statutes of limitations periods for that attempt and for any offense of battery incident thereto. At the trial defendant objected on statute of limitations grounds to the giving of a jury instruction on battery. Defendant similarly argues on appeal that the statute of limitations applicable to the lesser included offense of battery incident to the more serious charge of completed sexual battery had run at the time the amendment was filed. We reverse.
The test as to whether a statute of limitations bars a defendant’s conviction in this type of situation is whether the amended information should be deemed to have been merely a continuation of the original information. If the amendment was such a continuation, the amendment does not run afoul of the statute of limitations. See, e.g., Rubin v. State, 390 So.2d 322 (Fla.1980); Mead v. State, 101 So.2d 373 (Fla.1958).
Defendant in this case was convicted for battery as an offense which was a lesser included offense of the amended completed sexual battery charge. Even if battery was also a lesser included offense of the original attempted sexual battery charge, that would not mean that the lesser included battery offense of which he was convicted was any more a continuation of, or the same as, a lesser included offense involved in the original charge than the amended charge was a continuation of, or the same as, the original charge. The amended charge was not necessarily a continuation of the original charge, the reason being that the more serious amended charge alleged a completed act not originally charged and also alleged conduct by the defendant during a time period extending two months beyond the time period in the original charge. The lesser included of *645 fense of battery for which he was convicted was not necessarily a continuation of, or the same as, any lesser included offense of battery involved in the original charge, a reason being that it cannot be said that the battery of which he was convicted grew out of the same conduct as that with which he was originally charged and did not, instead, grow out of conduct with which he was additionally charged in the amended information.
Thus, this case is not like Rubin where a subsequent information was deemed to be merely a continuation of the original charge because it merely corrected an inaccuracy in the name of the corporate victim. 390 So.2d at 324. Rubin emphasized that “the crimes charged in the two informa-tions are identical_” Id. This case appears to be more akin to Mead where an amendment to the information was found to have run afoul of the statute of limitations.
In Mead the original information charged two counts of grand larceny, one for stealing 1,312 pounds of copper wire on August 1, 1954, and the other for stealing 1,300 pounds of copper wire on August 8, 1954. Mead concluded that the state’s characterization of a subsequent charge as being “amended,” did not control. More to the point, Mead concluded that while the allegations of ownership in the original information and the amendment were identical, the amendment, by alleging 2,612 pounds of wire to have been stolen between July 30, 1954, and August 10, 1954, was not simply a continuation of the original charge. The defendant in Mead was actually tried on a further amended information. While the further amended information was identical to the first count of the original information involving 1,312 pounds of copper wire, it was filed after the statute of limitations had expired and was found to have run afoul of the statute of limitations. The reason appears to have been that the information on the basis of which defendant was tried was not simply a continuation of the amended information.
Cf. Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979) (an amended information changed the substance of the crime which had been charged in the original information where the amendment expanded the time period during which the crime was alleged to have been committed and increased the severity of the penalty to which defendant was exposed).
The state, citing section 775.15(1), Florida Statutes (1979), argues that the battery statute of limitations did not run because of defendant’s continuous absence from the state. But even if section 775.15(1) could on that basis have interrupted the running of the statute of limitations for a period long enough to prevent the statute from having run in this case (which we need not address), there was no showing that defendant was so absent.
We need not address an additional argument of defendant as to why the statute of limitations for the battery of which defendant was convicted was not tolled by the filing of the original information. That argument is that the original information did not contain an attempted sexual battery charge incident to which there could have been a lesser included offense of battery.
Reversed. Defendant shall be discharged.
RYDER, A.C.J., and FRANK, J., concur.