537 So.2d 648 (1989)
Edward Adam FRIDOVICH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0409.
District Court of Appeal of Florida, Fourth District.
January 4, 1989.
Rehearing and Rehearing Denied February 15, 1989.
*649 Glen L. Brock, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 15, 1989.
DOWNEY, Judge.
Appellant, Edward Adam Fridovich (Fridovich), was originally charged with first degree murder for the homicide of his father on December 4, 1981. A jury verdict of manslaughter was appealed to this court and reversed because the trial court refused to allow an expert witness to testify for Fridovich that the shooting was accidental, Fla.App., 489 So.2d 143. The case was remanded for a new trial or further proceedings in accordance with the opinion and our mandate issued August 1, 1986. Thereafter, on September 18, 1986, the state filed an information styled "Re-file Information for Manslaughter," in which it was alleged that Fridovich, "through his own act, procurement, or culpable negligence did kill ... Martin Fridovich [his father], by shooting him with a firearm ... contrary to F.S. 782.07" (manslaughter).
Prior to trial Fridovich moved in limine to restrict the evidence at trial to manslaughter and to preclude evidence of any higher degree of offense, since to allow such evidence would create double jeopardy problems. The motion was granted.
The trial resulted, again, in a verdict of manslaughter, after which Fridovich moved for a judgment of acquittal because the information on which he was tried was filed four and one-half years after the alleged offense and was barred by the Statute of Limitations, section 775.15, Florida Statutes. The thrust of his contention is that the information, filed September 18, 1986, had no appropriate language linking it to the prior prosecution and the statute of limitations had run. The motion for acquittal was denied and this appeal followed.
Fridovich presents three issues for consideration on appeal; however, we believe only one merits consideration here. The question we choose to discuss is whether the trial court erred in refusing to grant a judgment of acquittal because the statute of limitations had run on the offense charged in the information filed September 18, 1986.
We begin by pointing out that we are not concerned with a problem of double jeopardy. Fridovich was tried for first degree murder and found guilty of manslaughter. That conviction was reversed for a new trial due to errors occurring during the trial. Thus, jeopardy is not considered to have attached because the defendant was erroneously convicted and the judgment reversed. State v. Adjmi, 170 So.2d 340 (Fla.3d DCA 1964).
Next, we consider the purpose of the statute of limitations in question. In State v. Garofalo, 453 So.2d 905, 906 (Fla.4th DCA 1984), this court characterized that purpose as:
The sole purpose of a statute of limitations in the criminal context is to prevent the State from hampering defense preparation by delaying prosecution until a point in time when its evidence is stale and defense witnesses have died, disappeared or otherwise become unavailable. See State v. Hickman, 189 So.2d 254 (Fla.2d DCA 1966). Since one who has been squarely put on notice of criminal activities with which he is charged is in a position to begin preparation of a defense on those charges, courts have traditionally held that a valid indictment tolls the statute of limitations, and that return of a superceding [sic] indictment prior to the dismissal of the original indictment does not violate the statute of limitations if the superceding [sic] indictment does not substantially alter the charge.
The record in this case contains no suggestion that the appellant was hampered in the slightest in the preparation of his defense. *650 He was always on notice of the criminal activity with which he was charged, i.e., the unlawful demise of his father at his hands. The original information charging first degree murder progressed expeditiously, resulting in the first manslaughter verdict. Due to errors in the trial this court reversed that conviction for a new trial. Six weeks after our mandate issued, a new information was filed as appears appropriate. Jeopardy had surely attached as to all degrees of homicide greater than manslaughter, thus precluding use of the original information charging murder in the first degree. The new information, styled "Refile Information for Manslaughter" charged the same defendant with committing the same crime of which he had been originally convicted. The parties, the subject matter, the dates involved  everything involved was the same; except the crime charged was a substantially lesser degree of the crime charged in the first information. The first tactic taken by appellant in the second phase of the case after the new information was filed was his successful move to preclude the adduction of any evidence by the state supporting premeditated first degree murder.
It thus appears to us that the prosecution under the second information was mandated by the reversal of the original conviction by this court and that it was clear to all involved a continuation of the original prosecution, which in no way prejudiced appellant. We, therefore, hold that the statute of limitations was tolled by the filing of the original information and continued to be tolled throughout the prosecutions under the second information.
Because there are cases containing language that might appear to conflict with our holding here, such as Mead v. State, 101 So.2d 373 (Fla. 1958), and Rubin v. State, 390 So.2d 322 (Fla. 1980), and because we believe this is a question of great public importance, we certify the following question to the Supreme Court of Florida:
WHERE A PERSON CHARGED WITH FIRST DEGREE MURDER IS CONVICTED OF MANSLAUGHTER, WHICH CONVICTION IS REVERSED FOR A NEW TRIAL DUE TO TRIAL ERRORS, AND UPON REMAND A NEW INFORMATION CHARGING MANSLAUGHTER IS FILED AND TIMELY PROSECUTED AND ALL PARTIES ARE FULLY AWARE THAT THE SAME CRIMINAL EPISODE IS INVOLVED, IS THE PROSECUTION OF THE SECOND INFORMATION A CONTINUATION OF THE ORIGINAL PROSECUTION SO THAT THE STATUTE OF LIMITATIONS REMAINS TOLLED THROUGHOUT THE PROSECUTION?
AFFIRMED.
DELL and GUNTHER, JJ., concur.