OVERTON, Justice.
We have for review Fridovich v. State, 537 So.2d 648 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal certified the following question to be of great public importance:
WHERE A PERSON CHARGED WITH FIRST DEGREE MURDER IS CONVICTED OF MANSLAUGHTER, WHICH CONVICTION IS REVERSED FOR A NEW TRIAL DUE TO TRIAL ERRORS, AND UPON REMAND A NEW INFORMATION CHARGING MANSLAUGHTER IS FILED AND TIMELY PROSECUTED AND ALL PARTIES ARE FULLY AWARE THAT THE SAME CRIMINAL EPISODE IS INVOLVED, IS THE PROSECUTION OF THE SECOND INFORMATION A *329 CONTINUATION OF THE ORIGINAL PROSECUTION SO THAT THE STATUTE OF LIMITATIONS REMAINS TOLLED THROUGHOUT THE PROSECUTION?
Id. at 650. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the decision of the district court.
The facts of this case reflect that on December 4, 1981, Edward Adam Fridovich shot his father in the head with a shotgun, killing him. He was charged by indictment with first-degree murder, but the jury found him guilty of the lesser included offense of manslaughter. Fridovich appealed his manslaughter conviction to the Fourth District Court of Appeal, which reversed the conviction due to the trial court’s erroneous refusal to allow a medical examiner to testify that the shooting was accidental. Fridovich v. State, 489 So.2d 143 (Fla. 4th DCA), review denied, 496 So.2d 142 and 500 So.2d 545 (Fla.1986). The district court remanded the case for a new trial and further proceedings by mandate issued August 1, 1986.
On September 18, 1986, the state filed an information entitled “Re-File Information for Manslaughter,” charging Fridovich with the killing of his father. Prior to the second trial, the trial judge ruled that evidence would be restricted to that probative of manslaughter. At the second trial, the state’s principal witness was a blood-splatter expert, who opined that the shot that killed Fridovich’s father was fired from a distance of one inch or less. Fridovich objected to this testimony before it was presented, arguing that it was clearly “murder” evidence, but the trial court allowed the testimony. He then made a motion for a mistrial, which was denied.
At the instruction conference, Fridovich moved for a directed verdict of acquittal, claiming that the information on which he was tried was barred by the statute of limitations, section 775.15, Florida Statutes (1981). Fridovich contended that, because the information was filed four-and-one-half years after the alleged offense and contained no language linking it to the earlier, timely filed indictment, the action was barred. The trial judge denied the motion for acquittal, and the jury subsequently returned a verdict of guilty of manslaughter.
On appeal, the district court noted that the refiled information charged the same defendant with the same crime of which he had originally been convicted and that it involved the same parties, the same subject matter, and the same dates. The court stated that Fridovich had not been prejudiced by this “continuation of the original prosecution,” 537 So.2d at 650, and held that the statute of limitations was tolled by the filing of the original indictment and that it continued tolled throughout the prosecution under the refiled information. Id.
There is no rule or other authority which requires the state to file a new information upon remand for a new trial in these circumstances. Pursuant to the mandate of the district court, the state need file only a motion to set the case for trial with the trial court. The trial judge is then obligated to instruct the jury on the crime with which the defendant is charged and to set forth the charge in accordance with Florida Standard Jury Instruction (Criminal) 1.01. The state is not required to file a new charging document setting forth the lesser included offense on which the defendant will be tried. There is no question that a new charging document would be helpful to the state, the defendant, the judge, and the jury and that it would lessen the possibility of the jury’s knowing that the defendant was originally charged with first-degree murder. However, a new charging document was neither necessary nor jurisdictional in this case. The trial court had jurisdiction to try the offense of manslaughter without the refiled information and the state was not in any way changing the offense to be tried or abandoning the charge of manslaughter for this incident.
All parties recognize that, under Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), the state was prohibited from trying Fridovich on the original *330 charge of first-degree murder and the retrial was limited by the double jeopardy clauses of the United States and Florida constitutions to the lesser included offense of manslaughter.
Because the information was assigned a new case number rather than that of the original indictment, Fridovich claims that the state’s failure to make reference to the existence of the prior indictment by case number constituted an abandonment of the original indictment, reasoning that the information lacked the requisite linking language connecting it to the original indictment. Fridovich argues that our decision in Mead v. State, 101 So.2d 373 (Fla.1958), controls and requires a dismissal of this cause. In Mead, after this Court reversed Mead’s grand larceny conviction, the state filed a second information, titled “Amended Information.” The second information charged different offenses occurring on different dates. We found that the second information was not an amendment to the original information, stating: “To all appearances, excepting the notation in the title, it was a brand-new charge.” Id. at 374. The state in Mead also filed a third information, titled “Second Amended Information for Grand Larceny,” on which Mead was actually tried. This information was identical to count one of the original charge. We found that the state could no longer revive the original charge after eliminating it in its first amended information. We construed the second amended information to be “an attempt to revive the original, or the first count of it, particularly as the intervening information contained allegations different from those in the first and last informations.” Id. We concluded that since “there was nothing in the last information to link it with the first and [since] the appellant could not have been legally convicted in the absence of proof that the offense was committed within two years of 29 August 1956, we are impelled to reverse the judgment.” Id. at 375.
We disagree with Fridovich’s assertion that Mead controls. Some of the language in Mead might lead one to believe that the refiled information in the instant case had to be a new offense because it did not contain the same case file number as the original indictment. In Rubin v. State, 390 So.2d 322 (Fla.1980), we explained that, in Mead, the state had “abandoned” its initial charge when it filed the second information containing different allegations. We reject Fridovich’s argument that the information was not linked to the original indictment any more than the third information was linked to the first in Mead. Fridovich’s situation is distinguishable from Mead because there was no intervening charging document with allegations of different offenses on different dates to break the linkage between Fridovich’s original indictment and the subsequent information.
The record in the instant case clearly establishes that the state never abandoned the original indictment, which necessarily included the lesser included offense for which Fridovich was convicted. The subsequently filed information was deficient only in that it was given a new case number. This clerical error did not result in prejudice to Fridovich. He clearly knew that he was being charged with the identical offense for which he was convicted in the prior trial. The fact that the case number was different on the refiled information did not constitute an abandonment of the original indictment and the lesser offense for which Fridovich was convicted.
We hold that the language in the refiled information established a continuation of the same prosecution and that the refiled information was merely informational as opposed to jurisdictional. Under the circumstances of this case, the linkage was sufficient and the statute of limitations does not apply.
Accordingly, we answer the certified question in the affirmative and approve the decision of the Fourth District Court of Appeal.*
It is so ordered.
*331 EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 The other issues raised by Fridovich were not discussed in the district court opinion, and we exercise our discretion not to address them in this proceeding.