PER CURIAM.
Ramona V. MacKinnon was arrested in June 2002 on charges of forgery, uttering, grand theft, and exploitation of the elderly. She was charged by information with grand theft. When an amended information filed in August 2003 added charges of forgery and uttering, MacKinnon moved to dismiss those counts on statute of limitations grounds because the crimes were alleged to have been committed in April of 2000. See § 775.15(2)(b), Fla. Stat. The trial court denied the motion and Mac-Kinnon petitions this court for a writ of prohibition. We have jurisdiction in accordance with State ex rel. Ridenour v. Bryson, 380 So.2d 468 (Fla. 2d DCA 1980), and Studnicka v. Carlisle, 553 So.2d 392 (Fla. *1176 4th DCA 1989). Further, we conclude that the forgery and uttering charges are barred by the three-year statute of limitations and, accordingly, grant the petition.
Although MacKinnon was arrested on the forgery and. uttering charges, prosecution could be commenced only by the filing of an indictment or information. State v. Watkins, 685 So.2d 1322 (Fla. 2d DCA 1996); § 775.15(5)(a), Fla. Stat. By failing to timely charge petitioner with forgery and uttering within three years of the commission of the offenses, the statute of limitations ran. Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988). Cases such as Rubin v. State, 390 So.2d 322 (Fla.1980), and State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984), which involved amending the informations to correct the names of the victims, are completely distinguishable and do not control the outcome of the case at bar.
We must therefore find that prosecution of MacKinnon on forgery and uttering charges is barred by the statute of limitations and we grant the prohibition petition as to the forgery and uttering charges.
PETITION GRANTED.
KAHN, BENTON, and PADOVANO, JJ., concur.