905 So.2d 981 (2005)
Derrick N. MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1171.
District Court of Appeal of Florida, Third District.
June 29, 2005.
Derrick N. Miller, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, SHEPHERD and ROTHENBERG, JJ.
PER CURIAM.
Derrick N. Miller appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The defendant contends that his plea was involuntary. We reverse for further proceedings.[*]
Defendant-appellant Miller was charged with six counts of armed robbery. He was convicted of three counts of strong arm robbery and two counts of theft as lesser included offenses. On direct appeal, this court reversed for a new trial on account of a jury selection error. Miller v. State, 840 So.2d 263 (Fla. 3d DCA 2002).
According to the defendant's motion, on remand the State refiled the original armed robbery charges even though he *982 had been acquitted of armed robbery and convicted of lesser included offenses. The defendant alleges that his trial counsel affirmatively misadvised him that he could be tried on the armed robbery charges and that he could be sentenced to the legal maximum for armed robbery. In reality the defendant could only be retried on the lesser offenses of which he had been convicted. See Fridovich v. State, 562 So.2d 328, 329-30 (Fla.1990).
The defendant asserts that on account of this incorrect advice regarding his maximum possible prison time exposure, he accepted a plea offer from the State which he otherwise would have rejected. The defendant contends that the existence of the affirmative misadvice is clear on the face of the plea colloquy.
The trial court denied the Rule 3.850 motion and the defendant has appealed.
When a trial court summarily denies a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853, this court's standard of review is as follows. "On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla.App. P.R. 9.141(b)(2)(D). In the present case the record now before us contains no record excerpts which conclusively refute the defendant's claim. Accordingly, we reverse the order now before us and remand for the trial court to conduct an evidentiary hearing, or attach record excerpts which demonstrate conclusively that the defendant is not entitled to any relief.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] We have taken judicial notice of this court's file in Miller v. State, 881 So.2d 732 (Fla. 3d DCA 2004).