927 So.2d 13 (2006)
Carlos A. MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3423.
District Court of Appeal of Florida, First District.
March 14, 2006.
Rehearing Denied April 28, 2006.
*14 Carlos A. Martin, pro se.
Charlie Crist, Attorney General and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Carlos A. Martin appeals an order denying his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. The lower court denied relief as to all claims raised finding them to be facially insufficient; thus, the lower court denied relief without benefit of an evidentiary hearing and without attaching portions of the record refuting the claims raised. As to three claims, however, the lower court erred in finding them to be facially insufficient. Accordingly, we reverse and remand this cause to the lower court for further consideration of the claims that (i) defense counsel was ineffective for failing to object to references at trial regarding appellant's commitment to a prison unit for violent prisoners (ground c in appellant's 3.850 motion); (ii) defense counsel was ineffective for failing to object to prosecutor's closing argument regarding the weight to be accorded by the jury to the defense witnesses (ground d in appellant's 3.850 motion), and (iii) defense counsel was ineffective for failing to request a self-defense instruction (ground e in appellant's 3.850 motion). On remand, the lower court either must conduct an evidentiary hearing or attach those record excerpts which conclusively refute the above-noted claims. See Fla. R.App. P. 9.141(b)(2)(D); Miller v. State, 905 So.2d 981, 982 (Fla. 3d DCA 2005)("In the present case the record now before us contains no record excerpts which conclusively refute the defendant's claim. Accordingly, we reverse the order now before us and remand for the trial court to conduct an evidentiary hearing, or attach record excerpts which demonstrate conclusively that the defendant is not entitled to any relief.").
We affirm the denial of post-conviction relief as to the remaining claims in appellant's motion.
AFFIRMED in part, REVERSED in part and REMANDED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.