990 So.2d 529 (2008)
Chentee KEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-877.
District Court of Appeal of Florida, Third District.
February 20, 2008.
Rehearing Denied September 5, 2008.
*530 Franz A. Parke, Miami, for appellant.
Bill McCollum, Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before COPE and LAGOA, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
This is an appeal of a judgment and sentence for three counts of sexual battery, one count of kidnapping, and one count of robbery. We affirm in part and reverse in part.
The State concedes that the prosecution for armed robbery was time-barred, and since the error appears clear on the face of the record, it is a matter of fundamental error which defendant-appellant Chentee Key is allowed to raise for the first time on this appeal. See Tucker v. State, 417 So.2d 1006, 1012 (Fla. 3d DCA 1982), approved on other grounds, 459 So.2d 306, 309 (Fla. 1984). Based on the State's concession, the conviction and sentence for armed robbery must be vacated, and there must be a new sentencing hearing based on a recalculated scoresheet.
With regard to the scoresheet, the State concedes that the trial court erred by using the fifteen percent multiplier in calculating the defendant's score. The fifteen percent multiplier is applicable only for cases where the defendant has forty sentence points or less. See Fla. R.Crim. P. 3.703(d)(25) (1996).[1] Because the defendant has more than forty sentence points, the fifteen percent multiplier should not have been used and must be omitted when the scoresheet is recalculated on remand.
We decline to reach the merits of the defendant's claims that his trial counsel was ineffective. If the defendant wishes to pursue such claims, he may do so by filing an appropriate motion for postconviction relief. We express no opinion on the merits of any such motion.
We affirm with regard to the remaining points on appeal.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The crime date was April 8, 1996.