# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-776
Lower Tribunal No. 04-7903
_____

**Victor Guzman,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and SHEPHERD and SALTER, JJ.

PER CURIAM.

Victor Guzman appeals his convictions for attempted felony murder, lewd and lascivious battery on a person 12 to 16 years old, and aggravated battery with great bodily harm. In this appeal, we need only address the defendant's argument that the convictions are barred by the statute of limitations in effect at the time the offenses were committed. Finding this argument to have merit, we reverse and remand with instructions to vacate the convictions.

In reaching this result, we are following a prior decision of this Court holding that a defendant may raise the statute of limitations for the first time on direct appeal (as the defendant has done here), as a matter of fundamental error, such that it need not have been pleaded as an affirmative defense in the trial court. Key v. State, 990 So. 2d 529 (Fla. 3d DCA 2008). In a decision in another case issued today, however, the continued viability of the holding in Key is called into question and our Court certifies to the Supreme Court of Florida a question of great public importance:

> **Must a defendant, who claims that the offense as charged in the information is barred by the statute of limitations, raise the issue in the trial court in order to preserve the issue for direct appeal?**

Smith v. State, Case No. 3D14-1635, slip op. at 23 (Fla. 3d DCA Dec. 21, 2016).[1]

With that caveat (the concurrence in Smith concludes, after a detailed analysis of precedent and policy, that the certified question should be answered in

---

[1] The opinion in Smith describes the intra-district conflict regarding defendant's right to raise the statute of limitations for the first time on direct appeal.

the affirmative), we address the statute of limitations issue in the present appeal.

Facts

On April 15, 2001, the victim, a twelve-year-old, reported to the police that she had been raped that day.  She reported that she had approached the perpetrator and asked him to buy her a slice of pizza because she was hungry.  As they were walking, the perpetrator pushed her into an alley and began to choke her.  The victim passed out.  She awoke with the perpetrator on top of her.  She reported that he had raped her and that she had scratches and bruises on her neck.  However, the victim could not show the detective who met with her at the Rape Treatment Center where the crime had occurred, and could not identify the perpetrator from photographs.

After the incident, the victim moved to Texas.  Three years later, in 2004, she identified the defendant as the perpetrator from a photo lineup.  On April 22, 2004, the state filed the information charging Victor Guzman with attempted first degree murder (Count 1), lewd and lascivious battery on a 12 to 16 year old (Count 2), and sexual battery (Count 3).

Six years later, nine years after the crime, on May 4, 2010, the state filed an amended information.  This document charged the defendant with attempted felony murder (Count 1), lewd and lascivious battery on a 12 to 16 year old (Count 2), and aggravated battery with great bodily harm (Count 3).  Despite the time lapses

3

between the crime and the filing of the information and amended information, defense counsel did not raise an affirmative defense based on the statute of limitations.

The defendant was found guilty as charged and sentenced to thirty years on the attempted felony murder count and fifteen years each as to the lewd and lascivious and aggravated battery counts, with all sentences to run concurrently. The trial court suspended entry of sentence as to the aggravated battery count. This appeal ensued.

Application of Statute of Limitations

On appeal, the defendant argues that the statute of limitations bars the convictions, as the 2010 amended information was filed beyond the date that statute ran. This argument has merit since, by May 4, 2010, the limitations period on all three charged offenses had run.

"[T]he statute of limitations that applies in a criminal case is the one that was in effect at the time of the incidents giving rise to the charges." Torgerson v. State, 964 So. 2d 178, 179 (Fla. 4th DCA 2007) (quoting State v. Shamy, 759 So. 2d 728, 730 n.2 (Fla. 4th DCA 2000)); accord Rubin v. State, 390 So. 2d 322, 324 (Fla. 1980). Based on the date of the offense in this case, April 15, 2001, section 775.15(5)(b), Florida Statutes (2001) (enacted in Ch. 2000-246, § 3, Laws of Fla., effective Oct. 1, 2000, to Sept. 30, 2001), is the applicable statute of limitations.

4

Each count in the original and amended information will be discussed separately. The following chart illustrates the sequence of charges; the notations are explained in the analysis that follows. [2]

| 4/15/01 | Date of crime/Date crime reported to police. | | | | | |
|---|---|---|---|---|---|---|
| 4/22/04 | Information filed | | Statute Charged (2001) | Degree* | SOL** § 775.15 (2001) | Date SOL** Ran |
| | Count 1 | Att 1° F. Murder | 782.04(1)(a)2.c. | | not a crime | |
| | Count 2 | L&L Batt (12-16) | 800.04(4) | 2°F | (2)(b) - 3 yrs | 4/14/04 |
| | Count 3 | Sexual Batt | 794.011(3) | Life Fel. | (1)(a) - any time | never |
| | | | | | | |
| 5/4/10 | Amended Information filed | | Stat. Charged (2001) | Degree* | SOL** § 775.15 (2001) | Date SOL** Ran |
| | Count 1 | Att. Fel. Murder | 782.05(1) | 1°F PBL | (2)(a) - 4 yrs | 4/14/05 |
| | Count 2 | L&L Batt (12-16) | 800.04(4) | 2°F | (2)(b) - 3 yrs | 4/14/04 |
| | Count 3 | Agg Batt - GBH | 784.045(1)(a)1. | 2°F | (2)(b) - 3 yrs | 4/14/04 |

[2] For this chart: * "2°F" refers to "second degree felony;" "1°F PBL" refers to "first degree felony punishable by life;" ** "SOL" refers to "statute of limitations."

5

*Count 2 - lewd and lascivious battery*

The statute of limitations analysis applicable to Count 2 of both informations is the most straightforward since this count was carried over unchanged from the initial information to the amended information. The initial information charging this count was filed beyond the limitations period.

Count 2 charged the defendant with lewd and lascivious battery on a person 12 to 16 years old, a second degree felony. Under the three-year limitations period for commencing a second degree felony prosecution, § 775.15(2)(b), Fla. Stat. (2001), Count 2 in the April 22, 2004, information was filed eight days after the April 14, 2004, expiration of the statute of limitations. Even though Count 2 in the 2010 information is a continuation of the 2004 charge, for statute of limitations purposes, the charge was time-barred as of the 2004 information.[3]

---

[3] As noted at the outset of this opinion, the statute of limitations error was not raised at or before trial. But because the error is apparent on the face of the record, and unless the Supreme Court of Florida modifies this holding as proposed in today's concurring opinion in Smith v. State, the error may be raised for the first time on appeal as fundamental error. Key v. State, 990 So. 2d 529, 530 (Fla. 3d DCA 2008); see also Mead v. State, 101 So. 2d 373 (Fla. 1958); Bridenthal v. State, 453 So. 2d 437 (Fla. 2d DCA 1984); Maguire v. State, 453 So. 2d 438, 438 (Fla. 2d DCA 1984). This defendant did not knowingly and personally divest himself of this right. Tucker v. State, 459 So. 2d 306, 309 (Fla. 1984). In appropriate circumstances, and this would be one of them, we have also considered "this issue as being one of the rare instances in which ineffective assistance of trial counsel appears on the face of the record." Harper v. State, 43 So. 3d 174, 175 (Fla. 3d DCA 2010) ("In this case we are unable to perceive, and the State has not suggested, any legitimate tactical reason for trial counsel to fail to raise the defense of the statute of limitations.").

*Count 1 – "Attempted First Degree Murder" Redesignated "Attempted Felony Murder"*

As a threshold matter, the crime apparently[4] charged in Count 1 of the 2004 information, attempted first degree felony murder, was not a crime. Nine years earlier, in 1995, the Florida Supreme Court had declared the offense of attempted felony murder non-existent. State v. Gray, 654 So. 2d 552 (Fla. 1995). Because the 2004 information charged a non-existing offense, the continuation principle cannot be applied to avoid a statute of limitations bar to the Count 1 charge in the amended information.

It follows that the 2010 amended information Count 1 charged a wholly new crime, attempted felony murder, a first degree felony, which was subject to a four-year statute of limitations. § 775.15(2)(a), Fla. Stat. (2001). Since the May 4, 2010, charge was filed well beyond that four-year limitations period, prosecution on this Count was also barred.

A "subsequently filed information, which contains language indicating that it is a continuation of the same prosecution, timely commenced will not be

_____

[4] The 2004 information includes a caption as to Count 1, "MURDER 1st DEGREE/ATTEMPT 782.04(1) & 777.04(1) F1," omitting reference to the attempted felony murder statute, section 782.051, Fla. Stat. (2004). However, the narrative on the following page of the information specifies that Count 1 is based on an alleged felonious attempt to kill a human being while engaged in the perpetration, or attempted perpetration, of a felony enumerated in section 782.04(1).

7

considered an abandonment of the first information and therefore will not be barred by the statute of limitations." Rubin, 390 So. 2d at 324. However, where the state has "brought a new charge, alleging a new and distinct crime with different elements, under a completely different statute," the statute of limitations requires dismissal of the new charge. Labrador v. State, 13 So. 3d 1070, 1072 (Fla. 3d DCA 2007). Since the initial information did not charge a crime, the 2010 Count 1 was not a continuation of anything and must be considered a new charge. A substantial change in the charge contained in an amended information will require dismissal. Johnston v. State, 283 So. 2d 120, 121 (Fla. 1st DCA 1973).

It is true that the "state may amend the charging document to correct the error after the applicable statutory period has elapsed." M.F. v. State, 583 So. 2d 1383, 1386 (Fla. 1991). However, such an amendment may not actually change the substantive charge and may not prejudice the rights of the defendant. Id. Where a more serious, amended charge alleges an act not originally charged, then the amended charge must independently satisfy the statute of limitations. Bongiorno v. State, 523 So. 2d 644, 645 (Fla. 2d DCA 1988).

Had the crimes in the original and amended information been identical, there would have been a continuation of the charge, and no limitations bar. Rubin, 390 So. 2d at 324. However, where there is "nothing in the last information to link it with the first," the state is deemed to have abandoned the original information, see

8

Fridovich v. State, 562 So. 2d 328, 330 (Fla. 1990), and the amended information will be subject to the statute of limitations bar. The initial information did not charge an offense in Count 1. The amended information Count 1 contains allegations different from the initial information Count 1, constituting a new charge. Rubin, 390 So. 2d at 324. The new charge filed beyond the statute of limitations was barred.

*Count 3 – Aggravated Battery with Great Bodily Harm*

Count 3 in the initial 2004 information charged sexual battery under section 794.011(3), based on the rape; no choking was alleged in this count. Count 3 in the 2010 amended information dropped the sexual battery charge and charged the defendant with aggravated battery causing great bodily harm based on the defendant's act of choking the victim, a second degree felony, under section 784.045(1)(a)1. The 2010 Count 3 was a wholly new charge, not in the 2004 information. The 2010 prosecution for the aggravated battery with great bodily harm under section 784.045(1)(a)1., a second degree felony, was barred by the three-year statute of limitations. § 775.15(2)(b) (2001).

As with Count 2, the continuation principle does not save this count. Had the aggravated battery with great bodily harm, a second degree felony, been charged in 2004, it would still have been barred by the three-year statute of limitations, which ran on April 14, 2004. The 2010 information was filed nine

9

years after the offense, and six years after the statute of limitations expired.  This conviction must also be vacated as time-barred.

As the foregoing analysis demonstrates, the defendant's convictions must be vacated, as violating the statute of limitations for the offenses charged.[5]

Reversed; remanded for the vacation of the convictions and sentences in the underlying circuit court case.

---

[5] The defendant is not entitled to be discharged, as he is currently incarcerated following conviction in a different case.

10