DOWNEY, Judge.
This is a petition for writ of prohibition or, alternatively, writ of mandamus and motion for stay of jury trial pending determination of the writ. Petitioner contends that section 40.015, Florida Statutes (1985), and Administrative Order No. 1.006-1/80, In Re: Glades Jury District/Eastern Jury District, which created the jury district system of Palm Beach County pursuant to section 40.015 are unconstitutional.
Trial of this cause is presently scheduled to commence on May 19,1986, and calendar call is set for May 16, 1986. Petitioner seeks to prohibit the trial court from holding trial in his case before a jury panel drawn from a jury district and seeks a writ of mandamus directing respondents to draw and use at the trial of this case a petit jury panel impartially drawn from the entire geographical area of Palm Beach County-
Petitioner filed a motion in the trial court challenging its jurisdiction to try this case on the basis that the “jury district” system used in the Fifteenth Judicial Circuit for selecting members of the petit jury panel is unconstitutional and, further, made a demand for a petit jury pool drawn fairly and impartially from the entire area of Palm Beach County. This motion was denied by the trial court and petitioner immediately filed the instant petition. The factual background for the above contentions are set forth by the petitioner as follows:
Two “jury districts” exist in the Fifteenth Judicial Circuit, which circuit consists only of Palm Beach County. These two jury districts were created, and the lines of the respective districts are drawn, by a local administrative order of the circuit court, Administrative Order No. 1.006-1/80, In Re: Glades Jury District/Eastern jury [sic] District.
The two jury districts are the “Glades Jury District” drawing jurors only from the area of Palm Beach County west of Twenty-Mile Bend (i.e., Range Line 39), or from that area of the county more commonly known as “the Glades,” and the “Eastern Jury District” drawing jurors from all the remaining or eastern coastal area of the county.
The local administrative order creating these two districts was enacted by the circuit court itself on authority of Florida Statutes, Section 40.015 [(1985), which provides:]
(1) In any county having a population exceeding 50,000 according to the last preceding decennial census and one or more locations in addition to the county seat at which the county or circuit court sits and holds jury trials, the chief judge, with the approval of a majority of the circuit court judges of the circuit, is authorized to create a jury district for each courthouse location, from which jury lists shall be selected in the manner presently provided by law.
(2) In determining the boundaries of a jury district to serve the court located within the district, the board shall seek to avoid any exclusion of any cognizable group. Each jury district shall include at least 6,000 registered voters.
The local administrative order enacted pursuant to that statute, reads, in pertinent part, as follows:
A Glades Jury District has been established by a majority vote of the Judges of the Fifteenth Judicial Circuit and by resolution of the Board of County Commissioners of Palm Beach County. In implementing this District, the Glades Courthouse Annex is designated as a situs for holding the following jury trials:

Circuit Court Criminal

Normally, all felony jury trials are held at the main courthouse in West Palm Beach; however, where the situs of the crime is within the Glades Jury District, defendant’s counsel may request a jury trial at the Glades Annex. In all such cases, the Clerk shall fur *381 nish defendant’s counsel with form of “Notice and Preference re Jury District,” which form shall be signed and filed by him no later than fifteen days after the case is set for trial.
He >ft # #

Grand Jury

This Order does not affect the Palm Beach County Grand Jury, which shall be drawn from the county at large. Administrative Order No. 1006-1/80, In Re: Glades Jury District/Eastern Jury District.
Petitioner states that, in accord with the above administrative order creating the two jury districts, this felony case is scheduled for trial in West Palm Beach before a petit jury to be drawn only from the eastern jury district rather than from Palm Beach County at large. Although the offenses charged against petitioner occurred in the Glades jury district, all persons living in that district will be excluded from the jury pool.
Prohibition is an extraordinary writ, a prerogative writ, extremely narrow in scope and operation, by which a superior court, having appellate and supervisory jurisdiction over an inferior court or tribunal possessing judicial or quasi-judicial power, may prevent such inferior court or tribunal from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction. English v. McCrary, 348 So.2d 293 (Fla.1977). The supreme court further stated in English:
Prohibition will be invoked only in emergency cases to forestall an impending present injury where person seeking writ has no other appropriate and adequate legal remedy.
Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction. ... In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be [Citations omitted].
348 So.2d at 297.
The suggestion for writ of prohibition must affirmatively show lack of jurisdiction in the lower court. Id. at 298. Here, petitioner simply maintains that an accused has a constitutional right to a trial before a jury drawn from the entire county and, therefore, the trial court is without jurisdiction to try the case unless it utilizes a petit jury panel impartially drawn from the entire county. Prohibition, therefore, does not lie in this case since petitioner’s contentions that the “jury district” system used in the Fifteenth Judicial Circuit for selecting members of the petit jury panel is unconstitutional does not show any lack of jurisdiction in the lower court.
Furthermore, mandamus, alternatively prayed for by petitioner, does not lie because petitioner is not seeking to coerce respondent to perform an official, ministerial duty which he is required by law to perform. See Dickey v. Circuit Court, Gadsden County, 200 So.2d 521 (Fla.1967); Cash v. Smith, 465 So.2d 1294 (Fla. 1st DCA 1985). In fact, here, the trial court is adhering to section 40.015, Florida Statutes (1985), and Administrative Order No. 1.006-1/80, which created the jury district system of Palm Beach County. In effect, petitioner is seeking review of the trial court’s order denying his motion to declare the jury district system unconstitutional.
In view of the foregoing, neither prohibition nor mandamus is an appropriate remedy here. Accordingly, the petition is considered as a petition for writ of certiora-ri, Florida Rule of Appellate Procedure 9.040(c), and the petition is denied for failure to demonstrate the absence of an adequate remedy by plenary appeal. United States Fidelity & Guaranty Co. v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), petition for review denied, 419 So.2d 1201 (Fla.1982).
ANSTEAD and GLICKSTEIN, JJ., concur.