553 So.2d 218 (1989)
James Howard SCHARFSCHWERDT, Petitioner,
v.
The Honorable Paul A. KANAREK, Circuit Court Judge of the Nineteenth Judicial Circuit, in and for Indian River County, State of Florida, Respondent.
No. 89-2368.
District Court of Appeal of Florida, Fourth District.
November 8, 1989.
*219 Michael Brodsky, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
POLEN, Judge.
Petitioner seeks a writ of prohibition claiming that prosecution against him is barred by the statute of limitations in effect on the date of the alleged offense. We deny the petition and remand this matter for trial.
On January 9, 1989, petitioner was charged by information with the commission between January and August 1983 of two counts of lewd and lascivious assault upon a child in violation of section 800.04, Florida Statutes (1984) (counts I & III), and one count of sexual battery in violation of section 794.011(4)(e), Florida Statutes (1983) (count II). The state's delay in filing these charges was due to the victim's delay in reporting the incident.
On June 26, 1989, the state amended the information to charge petitioner with violation of section 800.04, Florida Statutes (1983). At the time of the amended filing, the alleged child victim was nineteen years of age.
On July 3, 1989, petitioner moved the trial court to dismiss the information on counts I, II, and III as being barred by the statute of limitations. On August 7, 1989, the trial court conducted a hearing on the motion and on August 14, 1989, denied petitioner's motion. The court then set trial for September 15, 1989. Petitioner moved this court for an emergency writ of prohibition on September 11, 1989. On September 14, 1989, this court stayed petitioner's criminal trial pending further order of the court.
Petitioner alleges that both the three-year statute of limitations in effect at the time for lewd and lascivious acts upon a child and the four-year statute of limitations for the alleged sexual battery had run when the information was filed. Furthermore, petitioner claims that the application of the 1985 amendment to section 775.15(7) constitutes an unconstitutional ex post facto law since it deprives him of a vested right; i.e., the onset of the limitation period.
Prohibition is an extraordinary writ extremely narrow in its scope and operation. Caballero v. Born, 487 So.2d 379 (Fla. 4th DCA 1986). It is an appropriate procedural device to test the validity of a trial judge's pretrial ruling that prosecution of criminal charges by the state is not barred by the statute of limitations. Reino v. State, 352 So.2d 853 (Fla. 1977).
The legislature amended section 775.15(7) effective January 1, 1985, extending the statute of limitations for violations of sections 800.04 and 794.011, if the victim is under sixteen years of age, so that the limitations period does not run until the victim reaches the age of sixteen years or the violation is reported to law enforcement, whichever occurs earlier. This subsection applies to any offense except for one which would have been time barred by the ordinary statute of limitations on or before December 31, 1984. See Ch. 84-550, § 1, Laws of Fla.
A law falls within the ex post facto prohibition if it is retrospective. That is, it must apply to events occurring before its enactment and must disadvantage the offender affected by it. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). A law is also retrospective if it changes the legal consequences of the acts completed before its effective date. 107 S.Ct. at 2451. It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Where the challenged provision does not add to the quantum of punishment, there is *220 no ex post facto violation. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). See also Glendening v. State, 503 So.2d 335 (Fla. 2d DCA 1987) (ex post facto violation where law retroactively deprives the accused of a defense which was available when the offense was committed).
However, the legislature can amend statutes of limitation to apply retroactively without running afoul of the constitutional ex post facto prohibition if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply retroactively to cases pending when it becomes effective. Andrews v. State, 392 So.2d 270 (Fla. 2d DCA 1980), rev. denied, 399 So.2d 1145 (Fla. 1981); Reino v. State, supra, quoting United States v. Richardson, 512 F.2d 105 (3d Cir.1975).
While these cases do not address the specific issue of whether the statute of limitations alters the onset time for prosecution, we believe petitioner's argument relies on distinctions without real differences. In the case at bar, the 1985 amendment to section 775.15(7) reflects a clear legislative intent to extend prosecutions for violations of sections 794.011 and 800.04 to those offenses not time barred on or before December 31, 1984. The limitation period under the old statute had not run against the petitioner. Thus, the amendment did not inflict additional punishment on petitioner. It did not change the legal consequence of the acts completed before the effective date. It was not more onerous than the prior law. It did not add to the quantum of punishment nor did it deprive petitioner of a defense which was available when the offense was committed. Claims that a statute of limitation is more onerous because a defendant remains liable for prosecution from which he would have been immune under the old law have been similarly rejected. State v. Creekpaum, 753 P.2d 1139 (Alaska 1988). Accordingly, petitioner's argument must be rejected.
In the alternative, petitioner argues that if prosecution is proper under the 1985 amendment to section 775.15(7), counts I and III are still untimely since the June 1989 amendment of the information was not identical to the original January 1989 information. Since prosecution under the 1985 amendment must occur within three years of the victim's sixteenth birthday or when reported to law enforcement, whichever is earlier, petitioner asserts that prosecution became untimely on the victim's nineteenth birthday in March, 1989. Respondent contends that the amendment was in substance a mere republication of the first information and prosecution is timely. We agree.
In Rubin v. State, 390 So.2d 322 (Fla. 1980), the supreme court held that an information filed after the statute of limitations period expires is not subject to dismissal if it is linked to a timely filed information. In holding so, the court observed that the second information did not change the crime but only corrected a minor inaccuracy. Likewise, in State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984), this court reversed the trial court's order dismissing an information.
In Garofalo, the original information, labeled "78-3887CF," listed American Totalizer Co. as the victim to a fraud. The amended information contained allegations identical to those set forth in the first except that Gulfstream Park Racing Association was named as the victim. The state labeled the new information with the notation "refile case number 78-3887CF." This court opined that:
We recognize that this case differs from Rubin in that the second information names a different victim, as opposed to merely correcting an inaccuracy in the title of the originally named victim, but we do not believe this is a significant distinction.
Id. at 906.
Similarly, we do not believe the differences here are significant. The case at bar involves the same case number, the same incident, the same statute number and the same punishment. The state's amendment struck its reference and alleged that the alleged victim was "under the age of fourteen," the 1983 language, rather than "under the age of sixteen," the 1984 version. In fact, the amendment citing the 1983 version of section 800.04, Florida Statutes, *221 expanded petitioner's defense by allowing him to raise the defense of consent and lack of chastity which the legislature abolished in the 1984 amendment. Petitioner cites no case nor does our research reveal any which holds that an information must be identical to the amended information. Petitioner was squarely placed on notice of the charges against him. The punishment remained the same. His ability to present a defense increased. He was not prejudiced or placed in a position where he could not prepare a defense.
Petitioner's reliance on Bongiorno v. State, 523 So.2d 644 (Fla. 2d DCA 1988), is distinguishable. In Bongiorno, the more serious amended charge alleged a completed act not originally charged and also alleged conduct during a time period extending beyond the time period in the original charge (emphasis added). In the instant case, the amended information alleges the same completed act.
Accordingly, the petition for writ of prohibition is denied. The trial court's order denying petitioner's motion to dismiss counts I, II, and III as barred by the statute of limitations is affirmed and we remand this case for trial.
HERSEY, C.J., and GLICKSTEIN, J., concur.