PER CURIAM.
Florin Richard Dankert challenges his convictions and sentences for two counts of handling and fondling a child under sixteen. Because the prosecution of these charges was barred by the statute of limitations, we reverse and remand for discharge.
On April 16, 1997, the State filed an information charging Dankert with two counts of handling and fondling a child under sixteen in violation of section 800.04(1), Florida Statutes (1997), a second-degree felony. The information alleged that the offenses occurred between December 1, 1996, and January 16, 1997; however, during discovery it became apparent that the offenses actually occurred sometime between January 1 and November 13, 1993. The State subsequently filed a statement of particulars confirming that the alleged offenses occurred before November 13, 1993, and it stipulated in various proceedings that the latest possible date on which the offenses could have occurred was November 13,1993.
In response to these amended dates, Dankert filed a verified motion to dismiss the information, contending that his prosecution on these charges was barred by the three-year statute of limitations found in section 775.15(2)(b), Florida Statutes (1993). At the hearing on Dankert’s motion, Richard Bitting, a child abuse investigator with the Florida Department of Children and Family Services (formerly the Florida Department of Health and Rehabilitative Services or HRS), testified that on November 13, 1993, HRS received a report that Dankert was sexually molesting children in his care. Bitting, accompanied by a Pasco County sheriffs deputy, proceeded to Dankert’s home, where they found Dankert babysitting a two-year-old child. Bitting contacted the child’s mother, who subsequently arrived at Dankert’s home with her two older children. While at Dankert’s home, Bitting interviewed both older children, including the alleged victim in this case, six-year-old A.C. During that interview, A.C. denied that Dan-kert had engaged in any sexual misconduct with her. Bitting completed a report and submitted it to the State Attorney’s Office for Pasco County. Dankert also presented evidence that he had no contact with A.C. after November 13, 1993. The State took no further action on these charges until 1997.
Based on this testimony, Dankert argued that the prosecution of these charges was barred by the statute of limitations because the information was filed more than three years after the latest possible date on which the offenses could have occurred. In response, the State argued that the tolling provision of section 775.15(7), Florida Statutes (1993), applied and that the November 13, 1993, report was insufficient to trigger the statute of limitations because there was no evidence at that time to corroborate the allegations. The trial court denied the motion to dismiss, finding that the November 13, 1993, report to HRS was legally insufficient because the statute of limitations was tolled under section 775.15(7) until there was “some substantiated report that would give the State Attorney, at least if not probable cause, at least reasonable ground to suspect that something was going on and they ought to investigate further.”
Dankert was subsequently convicted of the charges following a jury trial and sentenced to ten years in prison on each count. In this appeal, he raises numerous errors that occurred during trial and at sentencing, including challenging the denial of Ms motion to dismiss. Because that issue is dispositive, we need not address Dankert’s remaining arguments.
*1223 Under section 775.15(2)(b), a prosecution for a second-degree felony must be commenced within three years after it is committed. In this case, the offenses occurred no later than November 13, 1993, and the information was filed on April 16, 1997. Clearly, the State did not commence its prosecution against Dankert within three years after the offenses were committed. Therefore, unless some exception or tolling provision applies, this prosecution was barred by the statute of limitations.
The State contends that the tolling provision of section 775.15(7) allows for this prosecution to go forward. Section 775.15(7) states:
If the victim of a violation of s. 794.011, s. 794.05, s. 800.04, or s. 826.04 is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the state attorney for the judicial circuit in which the alleged violation occurred.
Here, the record firmly establishes that the alleged violation was reported to HRS and to law enforcement in November 1993 and that HRS promptly reported the results of its investigation to the State Attorney. Thus, under the plain language of section 775.15(7), the statute began to run in November 1993 with the report to HRS.
As it did in the trial court, the State contends that the November 13, 1993, report was insufficient to trigger the statute for two reasons, neither of which has merit. First, the State argues that the report was insufficient because HRS did not uncover any information that would corroborate the allegations. In essence, the State contends that the report did not provide it with any reasonable grounds to suspect that further investigation was needed. However, the plain language of the statute does not require that the reported violation be corroborated or that the report provide reasonable grounds to suspect that further investigation was needed. Rather, the statute simply requires that the alleged violation be reported to law enforcement or to another governmental agency and that the agency report the alleged violation to the state attorney. This court is powerless to engraft additional requirements onto an unambiguous statute.
Second, the State argues that no “violation” was reported in 1993 because the report was only an allegation. However, section 775.15(7) clearly states that law enforcement or the government agency must report “such allegation ” to the state attorney for the judicial district “in which the alleged violation occurred.” (Emphasis added.) Therefore, the statute clearly contemplates that reports of alleged violations are sufficient to trigger the running of the statute.
The traditional purpose of statutes of limitation is to require the assertion of claims within a specified period after notice of the possible violation of legal rights. Urie v. Thompson, 337 U.S. 163, 170, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). They also serve to “promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.” Totura & Co. v. Williams, 754 So.2d 671, 681 (Fla.2000) (quoting Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348-49, 64 S.Ct. 582, 88 L.Ed. 788 (1944)). Tolling provisions generally prevent the statute of limitations from running until the party whose legal rights were violated has or *1224 should have notice of the violation. See Proctor v. Schomberg, 63 So.2d 68, 70 (Fla.1953) (noting that tolling provisions prevent the statute of limitations from expiring before discovery, or a reasonable opportunity of discovery, by the party whose legal rights were violated).
Here, it is clear that the State had notice of A.C.’s molestation by Dankert in November 1993, and all of the requirements of section 775.15(7) were satisfied at that time. Therefore, the statute of limitations began to run on November 13, 1993, and expired on November 13, 1996. Accordingly, the State’s prosecution of Dan-kert commenced in April 1997 was barred by the statute of limitations, and the trial court should have granted Dankert’s motion to dismiss.
We share the State’s dismay in the result of this decision, which is to release a man convicted by a jury of sexually abusing a child. However, when this court is called upon to apply a statute, it must be guided by the language of the statute itself rather than by the popularity of the result of the statute’s proper application to the facts. Here, we cannot rewrite the clear provisions of section 775.15(7) to require corroboration of a reported offense, nor may we ignore the statutory language that allows an alleged violation to trigger the running of the statute of limitations. Any such requirement must be added by the legislature, not by this court.
Reversed and remanded for discharge.
SALCINES, STRINGER, and VILLANTI, JJ., Concur.