MAY, J.
The defendant appeals his convictions for reckless driving, driving under the influence, and driving under the influence causing serious bodily injury. He argues the lower court erred in denying his motion to dismiss based upon the statute of limitations. We reverse and remand the case for dismissal.
On April 13, 1998, the defendant was involved in an automobile accident in which he sustained serious injury." The operator of the other vehicle also sustained serious injury. On September 29, 1998, the State charged the defendant with driving under the influence, driving under the influence with serious bodily injury, and reckless driving. A capias issued the same day. Approximately four and one-half years later, on February 8, 2003, the defendant was served. The defendant filed a verified motion to dismiss the charges and argued the applicable statute of limitations had expired.
At the hearing on the motion to dismiss, the State responded the statute of limitations had been tolled because the defendant was out of the state since the offense and failed to maintain a reasonably-ascertainable place of abode or work within the state. The State presented the affidavit of the passenger of the defendant’s vehicle, Jeff Marinetti, and a copy of the defendant’s Florida driver’s license. According to the affidavit, the defendant left the country immediately after he was released from the hospital. The driver’s license contained the defendant’s address and revealed an expiration date in 2001.
The defendant introduced a notarized letter from the same passenger contradicting the affidavit relied upon by the State. The letter indicated that Marinetti
made a statement to police that [Defendant] had moved to Canada. However, [he] was unaware that [Defendant] had, in fact, not moved. After talking with family members that were residing in Florida, [he] learned that [Defendant] still resided in Florida.
The defendant also presented the testimony of three witnesses to prove that he had continuously resided in Florida since the accident. He admitted he left the state for one month to attend his mother’s funeral in Canada, and was detained by Canadian authorities on March 18, 2001.
The trial court denied the defendant’s motion to dismiss. The defendant subsequently pled nolo contendere to the charges, reserving his right to appeal.
We conduct a de novo review of orders on motions to dismiss when they concern a question of law. See generally Crocker v. Marks, 856 So.2d 1123 (Fla. 4th DCA 2003).
The prosecution of a third degree felony must be commenced “within 3 years after it is committed.” See § 775.15(2)(b), Fla. Stat. (1998). An action is commenced “when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay.” See § 775.15(5)(b), Fla. Stat. (1998) (emphasis added). “The period of *239 limitation does not run- during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state.” See § 775.15(6), Fla. Stat. (1998).
In this case, the Information was filed, and a capias issued, around September 29, 1998. The capias was not served on the defendant until February 8, 2003, nearly five years after the alleged offense, and well beyond the three-year statute of limitations. However, the State argues the defendant was absent from the state, thereby tolling the limitations period.
Here, the State obtained an affidavit from a passenger of the vehicle, who attested the defendant left for Canada immediately following his release from the hospital. However, the affiant recanted his attestations. The defendant provided three witnesses, who testified to his residency in Broward County from 1999 to the present. The trial court discounted these witnesses. Nevertheless, the State failed to make any effort to serve the defendant after obtaining the affidavit.[1]
We must decide whether the State’s failure to serve the defendant for nearly five years constituted “unreasonable delay.” This requires our consideration of the State’s inability to locate the defendant after a diligent search and the defendant’s absence, if any, from the state. § 775.15(5)(b), Fla. Stat. (1998).
The problem in this case lies with the State’s total reliance on the passenger’s affidavit. Even if the attestations had not been recanted, five years elapsed before the State made any effort to serve the defendant. The defendant was not restricted from leaving the country. The fact that he may have done so for a short period of time does not excuse the State from exercising diligence to effect service of the capias within the limitations period. There simply was NO evidence the defendant had been continuously out of the country since 1998. In fact, there was proof to the contrary that the defendant resided in Broward County for four of the five years. While the trial court discounted the defendant’s witnesses, a finding of fact we will not disturb, the State simply failed to prove it executed the capias without unreasonable delay.
For this reason, we reverse the order denying the defendant’s motion to dismiss. The case is remanded to the trial court for entry of an order of dismissal.[2]
HAZOURI, J., and BLANC, PETER, Associate Judge, concur.

. Canadian authorities contacted the State in 2001 to advise of the defendant’s detention at the border. The State chose not to extradite the defendant. This fact has no bearing on the outcome due to a 1997 amendment to section 775.15, Florida Statutes. “The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.” See § 775.15(5)(b), Fla. Stat. (1998); see also Lett v. State, 837 So.2d 614, 615 n. 1 (Fla. 4th DCA 2003) (“In 1997 the statute was amended to excuse the failure to execute process on or extradite a defendant in another state”).

. Were we to hold otherwise, we would establish precedent that whenever a defendant leaves the jurisdiction for any amount of time between the offense and service of a capias, the State is excused from serving the capias within the applicable statute of limitations.