951 So.2d 1031 (2007)
The STATE of Florida, Appellant,
v.
Manuel CALDERON, Appellee.
No. 3D05-2326.
District Court of Appeal of Florida, Third District.
March 28, 2007.
*1032 Bill McCollum, Attorney General, Orlando, and Maria T. Armas, Assistant Attorney General and Meredith L. Balo, Assistant Attorney General, for appellant.
Larry R. Handfield, Miami, for appellee.
Before COPE, C.J., and CORTIAS and ROTHENBERG, JJ.
CORTIAS, Judge.
The Appellee, Manuel Calderon, was charged with first degree murder and conspiracy to commit first degree murder. He was acquitted on the murder count but was convicted of conspiracy to commit first degree murder. Calderon challenged his conviction by arguing that the conspiracy prosecution was barred by the statute of limitations. The trial court agreed with Calderon and dismissed the conspiracy count. The State appeals the trial court's ruling. We reverse.
The crime for which Calderon was charged occurred in February 1992. He was indicted in 2000. The statute in effect in 1992, at the time the crime was committed, provided for a four-year statute of limitations on the conspiracy charge, a first degree felony. ß 775.15(2)(a), Fla. Stat. (1991). The statute also granted the state an additional three years to bring charges against a defendant who was "continuously absent from the state or has no reasonably ascertainable place of abode or work within the state" during the original limitations period. ß 775.15(6), Fla. Stat. (1991). At the hearing on the motion to dismiss, Calderon argued that the State did not establish his absence from the state. The trial court did not address this argument in its order and, instead, assumed that the three-year extension applied. The trial court stated that it would, at a later time, conduct a hearing on the applicability of the three-year extension of time. This should be done on remand.
Effective October 1, 1996, the Florida Legislature amended section 775.15 and provided that a prosecution for "a felony that resulted in a death" may be commenced at any time. Ch. 96-145, ß 1, at 130, Laws of Fla. (1996). The legislature further provided that the amendment "shall apply to pending cases the prosecution of which has not been barred prior to this date." Id. ß 2. The State argues that this amendment applies to Calderon's case because the offense was committed and not time-barred prior to the effective date of the amendment and, therefore, his prosecution was not time-barred. Calderon contends that this amendment does not apply to him because there were no charges filed against him as of October 1, 1996 and, as such, there was no pending case against him as of that date.
In construing a statute, courts must look to the purpose of the statute as well as the language used by the legislature. Here, the purpose of the amendment, as evidenced by its language, was to remove the statute of limitations for felonies resulting in a death, as was already the case for capital felonies and life felonies. Ch. 96-145, ß 1, at 130, Laws of Fla. (1996). Clearly, the legislature intended for this amendment to apply to cases arising after October 1, 1996, the effective date of the amendment. Id. However, the legislature also intended for this amendment to apply to another category of cases, those cases pending and not yet time-barred as of October 1, 1996. Id. ß 2. Both parties concede that this language evidences a legislative intent for the amendment to apply retroactively, although the parties disagree about the scope of this retroactive application.
Section 2, of chapter 96-145, states:
This act shall take effect October 1, 1996, and shall apply to pending cases *1033 the prosecution of which has not been barred prior to this date.
Ch. 96-145, ß 2, at 130, Laws of Fla. (1996)(emphasis added). Calderon contends that the plain meaning of "pending cases" indicates that the legislature only intended for the amendment to apply retroactively to cases in which charges had been filed by October 1, 1996. The State argues that the legislature intended for the amendment to apply retroactively to any crimes which had occurred by October 1, 1996, and were not yet time-barred, regardless of whether charges were brought by October 1, 1996. The trial court agreed with Calderon's interpretation of "pending cases."
Because we are required to assume that the legislature does not write meaningless provisions, we must interpret "pending cases" in a way that will give meaning to the above phrase, consistent with legislative intent. Koile v. State, 934 So.2d 1226, 1233 (Fla.2006)(recognizing the tenet that "courts should avoid readings [of statutes] that would render part of a statute meaningless" and rejecting party's interpretation of a statute where such an interpretation would render the section expanding the definition of victim meaningless (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 456 (Fla. 1992))).
The trial court's interpretation of "pending cases" would render section 2 of chapter 96-145 meaningless. If the legislature only meant for the amendment to apply to cases in which charges were already filed and were not already time-barred, the amendment would have virtually no retroactive application. For example, assuming charges were filed in a case on September 30, 1996, the day before the effective date of the amendment, by all definitions, this case would be pending on October 1, 1996, when the amendment became effective. However, if the offense had already been time-barred on September 30, 1996, the amendment could not revive the expired statute of limitations as that would constitute an ex post facto law. Stogner v. California, 539 U.S. 607, 632-33, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003). Thus, retroactive application of the amendment can only occur if the offense was not time-barred on September 30, 1996. Moreover, assuming an offense that had not yet been time-barred on September 30, 1996, the prosecution of such an offense before the original (pre-1996 amendment) statute of limitations expired would be timely without any need for retroactive application of the 1996 amendment. These examples serve to illustrate that interpreting "pending cases" to mean cases already filed and not yet time-barred would not allow for retroactive application.
The only meaningful interpretation of the above phrase is to define "pending cases" to include crimes which have occurred by October 1, 1996, the prosecution of which are not yet time barred by October 1, 1996, regardless of whether charges were filed by October 1, 1996.
[A] literal interpretation of a statute need not be given when to do so would lead to an unreasonable conclusion. A departure from a literal interpretation of the statute may be merited when there are "cogent reasons" for believing that the letter of the law does not accurately disclose the legislative intent.
Doe v. Dep't of Health, 948 So.2d 803, 32 Fla. L. Weekly D95 (Fla. 2d DCA Dec.27, 2006) (citation and internal citation omitted).
Moreover, our reading of the statute is entirely supported by legislative history. See Fla. H.R. Comm. on CJ, CS for HB 23 (1996) Staff Analysis at 2, 3 (final May 20, 1996)(on file with Florida State Archives); Fla. H.R. Comm. on CJ, HB 23 (1965) Staff Analysis at 5 (rev. Mar. 5, 1996)(on *1034 file with Florida State Archives); Fla. H.R. Comm. on CJ, HB 23 (1995) Staff Analysis at 3 (rev. Nov. 15, 1995)(on file with Florida State Archives); Fla. H.R. Comm. on CJ, HB 23 (1995) Staff Analysis at 1 (Nov. 7, 1995)(on file with Florida State Archives). The original bill, House Bill 23, stated only that "[t]his act takes effect on October 1, 1996." Fla. HB 23, ß 2 (1995). However, the Committee specifically recommended to the legislature that, if it intended for the amendment to have retroactive application, the legislature should indicate that the amendment applies to pending cases not yet time-barred as of the effective date. Fla. H.R. Comm. on CJ, HB 23 (1995) Staff Analysis at 5 (Nov. 7, 1995)(on file with Florida State Archives). In making this recommendation, the Committee specifically explained that "[c]ourts have held that an amended statute of limitation which applies retroactively does not violate the ex post facto prohibition if it clearly indicates that it retroactively applies to pending cases not time-barred by the old statute." Id. The Committee then directly cited the Fourth District's decision in Scharfschwerdt v. Kanarek, 553 So.2d 218 (Fla. 4th DCA 1989), and advised that "[t]he bill should clarify whether it would apply to cases pending and not time-barred on the effective date, or only to those cases that arise on or after the effective date." Id.
In Kanarek, the defendant was charged in 1989 with two counts of lewd and lascivious assault upon a child and one count of sexual battery arising from incidents that occurred in 1983. Kanarek, 553 So.2d at 219. Under the statutes in effect at that time, lewd and lascivious assault upon a child had a three-year statute of limitations and sexual battery had a four-year statute of limitations. Id. A legislative amendment extending the statute of limitations for both crimes became effective in January 1985. Id. That amendment provided that the statute of limitations would not run until a minor victim reached sixteen years of age or until the crime is reported to law enforcement, whichever is earlier. Id. The amendment further provided that: "This subsection applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before December 31, 1984." Ch. 84-550, ß 1, at 38, Laws of Fla. (1995). Noting that the statute of limitations under the prior statute had not expired at the time of the amendment, the Fourth District found that this language was sufficient indicia of clear legislative intent for the 1985 amendment to apply retroactively. Kanarek, 553 So.2d at 220. In reaching this holding, the Fourth District provided the following rule of law for the legislature to follow:
[T]he legislature can amend statutes of limitation to apply retroactively without running afoul of the constitutional ex post facto prohibition if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply retroactively to cases pending when it becomes effective.
Id. (citations omitted)(emphasis added). Notably, the Fourth District used the term "cases pending" even though the facts before them did not demonstrate that there was a case pending in the traditional sense of the word, as no charges had been filed at the time of the 1985 amendment. Clearly, the use of the words "cases pending" in Kanarek referred to criminal offenses that had not been charged and were not yet barred by the applicable statute of limitations. Thus, Kanarek's reference to "cases pending" was meant to address a much broader category of crimes, that is, all offenses not barred by the statute of limitations.
Here, in providing for retroactive application of the 1996 amendment, the legislature *1035 utilized the precise term coined in Kanarek, "cases pending," in its final version of the bill, Committee Substitute for House Bill 23, which was passed into law. Ch. 96-145, ß 2, at 130, Laws of Fla. (1996); see also Fla. H.R. Comm. on CJ, HB 23 (1996) Staff Analysis at 5 (rev. Mar.5, 1996)(on file with Florida State Archives)(explaining that "HB 23, in specifying its effective date, did not clarify whether it would apply to felony cases pending and not time-barred on that effective date, or only to those cases that arise on or after the effective date. Courts have held that an amended statute of limitation which applies retroactively does not violate the ex post facto prohibition if it clearly indicates that it retroactively applies to pending cases not time-barred by the old statute [Scharfschwerdt v. Kanarek, 553 So.2d 218 (Fla. 4th DCA 1989)]. CS/HB 23 clarifies the effect of the bill by specifying that it applies to felony cases pending and not time-barred on the effective date.") (brackets in original).
Because we find the intent of the legislature was for this amendment to apply retroactively, as evidenced by the legislative history, and because narrowly defining "pending cases" to only include cases in which charges have already been timely filed would not effectuate this legislative intent, we find that "pending cases" includes crimes committed by, and not time-barred on, October 1, 1996, regardless of whether charges were filed on or before October 1, 1996. Accordingly, we reverse the order of the trial court and remand for further proceedings consistent herewith.
Reversed and remanded.