PER CURIAM.
The appellant, James Torgerson, appeals the summary denial of his rule 3.850 motion for postconviction relief. The State properly concedes error and thus we reverse and remand for further proceedings consistent with this opinion.
On May 18, 2005, the State charged Torgerson with two crimes: (1) lewd or lascivious battery on a person between 12 and 16, contrary to section 800.04(4)(a), Florida Statutes, and (2) sexual battery— great force not used, a violation of section 794.011(5), Florida Statutes. The charging document alleged the offenses were committed on the same victim, at some point between January 1, 2001 and August 14, 2001. A capias issued the next day, on May 19, 2005. Records show Torgerson was arrested on June 9, 2005 on the instant charges. On March 22, 2006, Tor-gerson entered into a negotiated plea deal with the State that required a guilty plea in exchange for a sentence of 30 months in prison followed by 15 years of sex-offender probation. Torgerson did not appeal the plea or sentence, but did file a timely rule 3.850 motion.
At the heart of Torgerson’s motion is the allegation that the statute of limitations had run out on August 15, 2004, three years after the victim turned 16 years old. There is no dispute that the victim turned 16 on August 15, 2001, nor *179 any dispute that Torgerson was arrested on June 9, 2005. The lower court relied upon the 2001 version of section 775.15(7), Florida Statutes, which provides that the statute of limitations for the charged crimes does not begin to run “until the victim has reached the age of 18 or the violation is reported to a law enforcement agency ... whichever occurs earlier.” § 775.15(7), Fla. Stat. (2001). Previously, the statute of limitations read: “If the victim [of these applicable crimes] is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency ... whichever occurs earlier.” § 775.15(7), Fla. Stat. (2000). The amendment resulted from the approval of Senate Bill No. 698, listed in the Florida Laws as Chapter 2001-102. Section two of the bill notes “This act shall take effect October 1, 2001.” While the bill was approved by the governor on May 31, 2001, the law expressly directs the effective date as October 1, 2001. This date comes after the purported criminal acts ceased on August 14, 2001.
The State concedes, in this Court, that it inappropriately relied on the amended version of the statute of limitations in the lower court. In State v. Shamy, 759 So.2d 728 (Fla. 4th DCA 2000), this Court noted the general rule that statutes of limitations “affect substantive rights” and that “the statute of limitations that applies in a criminal case is the one that was in effect at the time of the incidents giving rise to the charges.” Id. at 730 n. 2 (citing Brown v. State, 674 So.2d 738, 740 n. 1 (Fla. 2d DCA 1995); State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994)). Based on the charging document, the State was bound by the statute of limitations in effect on August 14, 2001, the final date charged in the information. At that point in time, the applicable version of section 775.15(7), Florida Statutes, began to run when the victim turned 16, which would be August 15, 2001. Thus, the State had to commence prosecution by August 15, 2004, when the three-year limitations period ran out, pursuant to section 775.15(l)(b), (2)(b), Florida Statutes (2000). Based on the record before this Court, the prosecution did not begin until after the statute of limitations had expired. Thus, Torgerson appears to have had grounds for a motion to dismiss prior to the entry of his plea.
As such, we reverse the summary denial of Torgerson’s rule 3.850 motion and remand to the trial court for further proceedings. Because it appears Torgerson may be entitled to discharge, we direct the lower court to expeditiously hold any hearing it deems necessary to properly decide the case on the merits.

Reversed and Remanded.

GUNTHER, WARNER and KLEIN, JJ., concur.