PER CURIAM.
 

 AFFIRMED.
 
 See State v. Calderon,
 
 951 So.2d 1031, 1035 (Fla. 3d DCA 2007) (“An amended statute of limitation which applies retroactively does not violate the
 
 ex post facto
 
 prohibition if it clearly indicates that it retroactively applies to pending cases not time barred by the old statute.”);
 
 Scharfschwerdt v. Kanarek,
 
 553 So.2d 218, 220 (Fla. 4th DCA 1989) (“The legislature can amend statutes of limitations to apply retroactively without running afoul of the constitutional
 
 ex post facto
 
 prohibition if it (a) does so before the prosecution is barred by the old statute and (b) clearly indicates that the new statute is to apply retroactively to cases pending when it becomes effective.”),
 
 rev. denied,
 
 563 So.2d 633 (Fla.1990).
 

 GRIFFIN, PALMER and LAWSON, JJ., concur.