DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARKUS LEON BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3476

[November 18, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 56-2011-003934CFA.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Catherine Linton, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We reverse one of two convictions in a child abuse case because prosecution of that offense was barred by the applicable statute of limitations. We affirm the other conviction.

On December 30, 2011, the State charged Markus Brown with two counts of sexual battery by a person in a position of familial authority in violation of Section 794.011(8)(b), Florida Statutes (1997). The State alleged that Brown committed sexual battery on his two minor daughters—Y.B. and C.B.—from May 1, 1997 through July 31, 1998.

At the time the offenses were committed, the applicable limitations period for the offenses charged was four years. *See* § 775.15(2)(a), Fla. Stat. (1997). Section 775.15(7) provided in relevant part:

> If the victim of a violation of s. 794.011 . . . is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 ***or***

the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier.

(Emphasis added).

Y.B. turned 16 on March 29, 1999. The abuse of Y.B was reported to the Department of Children and Families ("DCF") on April 29, 1998. C.B. turned 16 on May 1, 2001. The abuse against her was reported to DCF on November 15, 1999. Because the violations were reported to DCF before the victims turned 16, pursuant to section 775.15(7), the limitations period would have expired on April 29, 2002, for Y.B., and on November 15, 2003, for C.B., respectively.

Appellant moved to dismiss both counts on the grounds that the prosecution was barred by the statute of limitations. He contended that more than four years had passed since the reports to DCF.

Opposing the motion, the State directed the trial court to a 2003 amendment to the statute of limitations. The amendment provided that:

> [I]f the offense is a first degree felony violation of s. 794.011 and the victim was under 18 years of age at the time the offense was committed, a prosecution of the offense may be commenced **at any time**. This paragraph applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) **on or before October 1, 2003**.

§ 775.15(7)(b), Fla. Stat. (2003)[1] (emphasis added). Pursuant to this amendment, the State argued that because Y.B. turned 18 on March 29, 2001, and C.B. turned 18 on May 1, 2003, the charges relating to both victims could have been prosecuted well after October 1, 2003, and would thus be covered by this amendment.

The trial court denied the motion, commenting that the motion was untimely and suggesting that the 2003 amendment permitted the prosecutions for both crimes.

Brown pled no contest and reserved the right to appeal the court's denial of his motion to dismiss. He was adjudicated guilty and sentenced to concurrent 25-year terms of imprisonment.

---

[1]Subsequent to the 2003 amendment, Section 775.15(7)(b), was redesignated Section 775.15(13)(b) on July 1, 2005. *See* Ch. 2005-110, Laws of Fla.

The only disputed issue on appeal is whether the trial court improperly applied the 2003 amended statute in ruling that prosecution was not barred.[2]  The viability of Brown's motion to dismiss is a question of law that we review de novo.  *See Erhlick v. State*, 898 So. 2d 237, 238 (Fla. 4th DCA 2005).

"The statutes of limitation applicable are those which were in effect at the time of the incidents giving rise to the criminal charges." *State v. Mack*, 637 So. 2d 18, 19 (Fla. 4th DCA 1994).  "Statutes of limitations, as a general rule, affect substantive rights" and "[s]tatutes which affect substantive rights are presumed to operate prospectively absent clear legislative intent to the contrary."  *State v. Shamy*, 759 So. 2d 728, 729 (Fla. 4th DCA 2000).  "However, the legislature can amend statutes of limitation to apply retroactively without running afoul of the constitutional ex post facto prohibition if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply retroactively to cases pending when it becomes effective." *Scharfschwerdt v. Kanarek*, 553 So. 2d 218, 220 (Fla. 4th DCA 1989).

*Scharfschwerdt* held that an amendment to a statute of limitations could be retroactively applied to a defendant where the limitations period under the old statute had not run against him at the time the amendment went into effect.  *Id.* at 220.  In that case, the defendant was charged in January 1989 with, among other things, sexual battery in violation of section 794.011, alleged to have occurred between January and August 1983. *Id.* at 219.  The limitations period in effect at that time was four years. *Id.* The legislature amended the limitations period in 1985 to extend the statute of limitations for violations of 794.011. *Id.*  The amendment also provided: "This subsection applies to any offense except for one which would have been time barred by the ordinary statute of limitations on or before December 31, 1984." *Id.*

The defendant in *Scharfschwerdt* argued that applying the 1985 amendment to him "constitute[d] an unconstitutional ex post facto law since it deprive[d] him of a vested right; i.e., the onset of the limitation period." *Id.*  This court disagreed, finding that the 1985 amendment "reflect[ed] a clear legislative intent to extend prosecutions . . . to those offenses not time barred on or before December 31, 1984." *Id.* at 220. We explained:

> The limitation period under the old statute had not run against the petitioner.  Thus, the amendment did not inflict

2The State does not assert that either motion was untimely.

additional punishment on petitioner. It did not change the legal consequence of the acts completed before the effective date. It was not more onerous than the prior law. It did not add to the quantum of punishment nor did it deprive petitioner of a defense which was available when the offense was committed.

*Id.*

Brown cites to *Torgerson v. State*, 964 So. 2d 178 (Fla. 4th DCA 2007), to argue that the amended statute relied on by the State was not applicable to appellant. However, *Torgerson* involved a statute that, unlike the statute in this case, was not intended to be applied retroactively. As a result, we held in *Torgerson* that the State was bound by the statute of limitations in force on the date of the crime charged in the information, not by a statute that went into effect afterwards. *Id.* at 179.

Unlike the situation in *Torgerson,* the 2003 amended version of the statute added an entirely new subsection specifically providing that the prosecution of an offense satisfying certain requirements "may be commenced at any time." *See* § 775.15(7)(b). Subsection (7)(b) goes on to say it applies to "any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before October 1, 2003." Thus, the amendment applies to those cases that could have been prosecuted after October 1, 2003.

The State acknowledges that in its argument to the trial judge it incorrectly used the birthdates of Y.B. and C.B. to calculate the start time for the statute of limitations. Applying the birthdates, instead of the reporting dates of the crimes, led to the trial court's finding that the crimes against **both** Y.B. and C.B. were not barred by the statute of limitations. However, because the crimes were reported to a "law enforcement or other governmental agency" before either victim reached age 16, it was the reporting date that triggered the statute of limitations.

We agree with the State that the conviction pertaining to C.B. is not affected by using the reporting date to start the statute of limitations. Applying that date, the statute of limitations pertaining to the C.B. charge would not have expired until November 15, 2003, which is after the October 1 cutoff date in the 2003 amendment. "[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record." *Dade Cnty. Sch. Bd. v. Radio Station WQBA,* 731 So. 2d 638, 644 (Fla. 1999).

The crime against Y.B. was reported to DCF on April 29, 1998, so the statute of limitations applicable to her expired on April 29, 2002, meaning that prosecution of the offense pertaining to her would have been barred "on or before October 1, 2003." § 775.15(7)(b), Fla. Stat. (2003). Thus, the 2003 amendment cannot be applied to extend the statute of limitations. For this reason, we reverse the conviction where Y.B. was the victim because the statute of limitations on that charge had run.

*Affirmed in part, reversed in part and remanded.*

CIKLIN, C.J., and GERBER, J., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***