DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID TIMOTHY CURRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-462

[September 6, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562009CF004209A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

David Curry appeals his convictions and sentences for three sex offenses: Count I - sexual battery on a child by a person in familial or custodial authority; Count II - lewd or lascivious molestation of a child between 12 and 16 years of age, and Count III - lewd or lascivious molestation of a child less than 12 years of age. We affirm appellant's convictions and sentences for Counts I and III, but reverse as to Count II, because the trial court erred in denying appellant's motion to dismiss Count II where the statute of limitations had expired for that offense.

The charged offenses stemmed from a 2004 episode in which T.M. and S.M., the daughters of appellant's former girlfriend, spent the day cleaning appellant's apartment and then spent the night there.

The state charged appellant with three counts relevant to this appeal, which are paraphrased as follows:

COUNT I: Sexual battery by penile/vaginal penetration of

T.M., a child 12 years of age or older but less than 18, while appellant was in a position of familial or custodial authority, between June 23 and December 31, 2004, in violation of Florida Statute 794.011(8)(b).

COUNT II: Lewd or lascivious molestation of T.M., a child less than 16 years of age, by forcing or enticing her to touch appellant's genitals in a lewd or lascivious manner, between June 23 and December 31, 2004, in violation of Florida Statute 800.04(5)(c)(2).

COUNT III: Lewd or lascivious molestation of S.M., a person less than 12 years of age, by touching her breasts or genital area or the clothing covering them between June 23 and December 31, 2004, in violation of Florida Statute 800.04(5)(b).

The case proceeded to trial on those counts, and the evidence established the following facts.

T.M. was born in January 1992, and S.M. was born in June 1994. A few years before the charged crimes occurred, T.M. and S.M. were abandoned by their mother and were sent to live with their grandparents. Appellant, a former boyfriend of their mother, continued to see them.

In 2004, T.M., S.M., and their brother went to appellant's apartment one day to clean it. At the time, T.M. was 12 years old and S.M. was 10 years old.

While her brother and sister cleaned the living room and kitchen, T.M. cleaned the master bedroom. Appellant was lying on the bed and asked T.M. to massage his leg because he had a cramp. Appellant then asked T.M. to massage his penis, and T.M. complied. Appellant grabbed T.M.'s hand and showed her the motion that he wanted. T.M. told appellant that she "didn't want to do this," but appellant simply replied that "it's helping."

Appellant then took T.M. to the bathroom, lifted her onto the counter, pulled down her pants and underwear, and had sexual intercourse with her.

T.M., her siblings, and appellant's son spent that night at appellant's house. Appellant's son and T.M. slept on the bed in the master bedroom, while S.M. and her brother slept on the sleeper couch. During the night, S.M. went into the master bedroom and got on a blanket on the floor.

2

Appellant came in the room and joined S.M. on the floor. Appellant then rubbed S.M.'s breasts, buttocks, and vaginal area over her clothes. When appellant tried to go underneath her clothes, S.M. went into the living room.

On T.M.'s next birthday, appellant gave her a birthday card with condoms taped to the back. T.M.'s grandmother found out about the card, and did not allow appellant to have further contact with T.M. and S.M.

The jury found appellant guilty as charged on all counts. The court adjudicated appellant guilty of each offense, designated him a sexual predator, and sentenced him to consecutive terms of 30 years on Count I, 15 years on Count II, and 15 years on Count III. This appeal followed.

As to Count II (lewd or lascivious molestation of a child between the ages of 12 and 16 years), appellant argues that the trial court erred in denying his motion to dismiss this count because the statute of limitations had expired for that offense. We agree for the reasons discussed below.

The original information was filed on April 8, 2010. Count II alleged that between March 24, 2004, and December 31, 2004, appellant committed the offense of lewd and lascivious molestation of a child between the ages of 12 and 16 years, a second degree felony under section 800.04(5)(c), Florida Statutes (2004).

The applicable statute of limitations in 2004 for a second degree felony is three years from the date the crime was committed. *See* § 775.15(2)(b), Fla. Stat. (2004). However, the limitations period for a violation of section 800.04, Florida Statutes, does not begin to run until the victim has reached the age of 18 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier:

> If the victim of a violation of . . . s. 800.04 . . . is under the age of 18, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 18 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the state attorney for the judicial circuit in which the alleged violation occurred.

§ 775.15(7)(a), Fla. Stat. (2004).

Appellant moved to dismiss Count II, arguing that the statute of

limitations for that offense had expired. T.M., the alleged victim of Count II, reached the age of 18 in January 2010. Thus, the statute of limitations would have been extended three years from her 18th birthday, until January 2013. However, because T.M. reported the incident to a governmental agency, the Department of Children and Families (DCF), on or about August 7, 2006, appellant argued that the three-year limitations period from the reporting date expired in August 2009.

The state responded that although the offense was first reported to a DCF case worker in August of 2006, the report to DCF in 2006 did not trigger the running of the statute of limitations because the case worker did not report the allegations to any law enforcement agency or to the State Attorney's Office. According to the state, the statute of limitations did not begin to run until August 2008, when T.M. reported the sexual abuse to a deputy with the Polk County Sheriff's Office.

The state attached to its response a copy of the 2006 DCF report. The DCF report stated that T.M. "was raped" by appellant, relating that T.M. was cleaning appellant's bedroom "when he forced her to have sexual intercourse with him." The DCF report also made reference to T.M. being "sexually abused by the alleged perpetrator." The DCF report further stated that the children were safe with their grandparents and that the grandparents had stopped the children from any further contact with appellant. According to the DCF report, judicial action was not needed. The DCF report did not specifically mention the allegation that appellant forced T.M. to massage his penis.

Following a brief hearing, the trial court entered a written order denying appellant's motion to dismiss Count II. As an initial matter, the trial court stated that it "appears that allegations of [the conduct alleged in the information] were reported to the Department of Children and Families ("DCF") on or about 8/7/06." Although the trial court found that DCF constituted a governmental agency within the meaning of section 775.15, Florida Statutes, the trial court concluded that "the statute of limitations in this case would have been triggered when the allegations were reported to the State Attorney." The trial court reasoned: "A common sense reading of the statute leads the court to conclude that the allegations would have to be reported to the state attorney. To hold otherwise would reduce the reporting obligation to a gratuitous directive having no real consequence."

Appellant contends on appeal that because T.M. reported the allegations against appellant to DCF in 2006, which was more than three years before the date that appellant's prosecution commenced, the statute of limitations for Count II had run and the trial court erred in denying his

motion to dismiss that charge.

In response, the state argues, for the first time on appeal, that the statute of limitations was not triggered in 2006 because the DCF report makes no mention of the conduct underlying Count II, namely, that appellant forced T.M. to stroke or massage his penis. In addition, the state argues that the trial court correctly construed the statute of limitations to mean that the limitations period does not commence until the allegations are reported to the State Attorney's Office.

Because this case involves the interpretation of a statute of limitations, the standard of review is de novo. *Bryson v. State*, 42 So. 3d 852, 853–54 (Fla. 1st DCA 2010).

When construing a statute, courts must first look to the statute's plain language. *State v. Hackley*, 95 So. 3d 92, 93 (Fla. 2012). "[S]ignificance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." *Hechtman v. Nations Title Ins. of N.Y.*, 840 So. 2d 993, 996 (Fla. 2003).

If the meaning of the statute "is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005). "Courts should not construe unambiguous statutes in a manner that would extend, modify, or limit their terms or the obvious implications as provided by the Legislature." *State v. Chubbuck*, 141 So. 3d 1163, 1170 (Fla. 2014). "[T]he statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." *Daniels*, 898 So. 2d at 64.

The issue in this case is whether the limitations period for a violation of Section 800.04 commences when the violation is reported to "a law enforcement agency or other governmental agency," or, instead, when the agency reports the allegation to the State Attorney's Office.

Under the plain language of Section 775.15(7)(a), Florida Statutes (2004), the statute of limitations begins to run when "the victim has reached the age of 18 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier." Although the next sentence of the statute requires the governmental agency that learned of the allegation to "promptly report such allegation to the state attorney," this requirement does not modify the commencement of the

5

limitations period.  Therefore, once the alleged violation is reported to a governmental agency, the statute of limitations begins to run regardless of when the allegation is reported to the State Attorney's Office.

Applying the statute as written does not mean that the requirement of prompt notification to the State Attorney is mere surplusage.  In fact, the Legislature may have included this requirement *precisely because* the statute of limitations is triggered by reporting a violation to any governmental agency.  In other words, because a report of the violation to any governmental agency triggers the statute of limitations, the Legislature may have imposed this duty of providing prompt notification to the State Attorney, recognizing that "the clock is ticking" and that time is of the essence.

The state's suggested interpretation of the limitations period would require us to rewrite the statute.  The statute as written does not require a violation to be reported both to a governmental agency and to the State Attorney in order for the limitations period to begin to run.  If a violation of an enumerated sexual offense is reported to a "law enforcement or other governmental agency" before the victim reaches age 18, it is this reporting date that triggers the statute of limitations.  *See Brown v. State*, 179 So. 3d 466, 469 (Fla. 4th DCA 2015) (explaining that, under an earlier version of section 775.15(7), "because the crimes were reported to a 'law enforcement or other governmental agency' before either victim reached age 16, it was the reporting date that triggered the statute of limitations").

The state's reliance upon *Dankert v. State*, 859 So. 2d 1221 (Fla. 2d DCA 2003), is misplaced.  There, the Second District held that the statute of limitations for the defendant's violations of section 800.04, Florida Statutes, began to run on the date HRS received a report that the defendant was sexually molesting children in his care.  *Id.* at 1222–24.  The court found that the state had notice of the molestation in November 1993 and that "all of the requirements of section 775.15(7) were satisfied at that time."  *Id.* at 1224.  The court reasoned that "the statute simply requires that the alleged violation be reported to law enforcement or to another governmental agency and that the agency report the alleged violation to the state attorney."  *Id.* at 1223.  The court thus rejected the state's argument that the report to HRS was insufficient to trigger the statute of limitations where HRS did not uncover any information that would corroborate the allegations.  *Id.*

To the extent *Dankert* might suggest that the governmental agency must report the alleged violation to the State Attorney's Office before the statute of limitations commences, such a suggestion was merely dicta.

6

The *Dankert* opinion states that HRS promptly reported the results of its investigation to the State Attorney, so the *Dankert* court did not address the precise issue in this case—namely, whether a governmental agency's failure to report an alleged violation of section 800.04 to the State Attorney prevents the statute of limitations from commencing.[1]

As mentioned above, the state argues on appeal—for the first time—that the statute of limitations was not triggered in 2006 because the DCF report makes no specific mention of the precise conduct underlying Count II, namely, that appellant forced T.M. to massage his penis. The state did not make this argument below in response to the motion to dismiss. It merely conceded that the offense was reported to a governmental agency in August 2006 and did not draw any distinction regarding the reporting of multiple sexual acts that occurred during the same criminal episode. Thus, because the state conceded below that the offense was reported to DCF in August 2006, we find that the state is bound by its factual concession to the trial court.[2] *See U.S. Bank, N.A. v. Vogel*, 137 So. 3d 491, 494 (Fla. 4th DCA 2014) (a party is bound by a factual concession made by that party's attorney before the trial judge); *Holub v. Holub*, 54 So. 3d 585, 587 (Fla. 1st DCA 2011) (same).

In sum, as the state conceded below, the violation was reported to a governmental agency in August 2006 when T.M. reported to DCF that appellant sexually abused her. The statute of limitations began to run at that time. Although the statute also requires the governmental agency that learned of the allegation to "promptly report such allegation to the state attorney," this requirement does not modify the commencement of the limitations period. Thus, the three-year statute of limitations for Count II expired by the time the state initiated its prosecution of appellant in 2010. Accordingly, we reverse the denial of appellant's motion to dismiss Count II of the information, but otherwise affirm appellant's

---

[1] It is unclear from the *Dankert* opinion as to exactly when the HRS investigator submitted his report to the State Attorney's Office. Notably, however, the *Dankert* court found that the statute of limitations began to run on the date HRS learned of the alleged molestation.

[2] We decline to apply the tipsy coachman doctrine under these circumstances. The record before us does not permit us to affirm appellant's conviction for Count II based on the state's argument that "there was no report of the conduct underlying count two to DCF in 2006." On this record, we do not know the full extent of what T.M. told the DCF case worker. Had the state raised this argument below, the trial court could have held an evidentiary hearing to resolve the issue. Instead, the state simply conceded that the offense was reported to a governmental agency in August 2006.

convictions and sentences on the remaining counts.

*Affirmed in part, and Reversed in part.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**